## ROBERTSON *vs.* CAMPBELL.

The Court, upon a review of this case, adhere to the former decision made therein, (*ante*, p. 365,) viz., That a mortgagee of personal property is, after the day of redemption, regarded in law as the absolute owner, and may dispose of the property by sale thereof, or otherwise.

|  |  |
|---|---|
| 8b 615 | |
| 56a 595 | |
| 8 | 615 |
| Case 2 | |
| 93a | 642 |

### ERROR to Cole Circuit Court.

HAYDEN *and* MINOR, *for Plaintiff in Error.*

1st. The Circuit Court, upon the trial of the cause, was bound to give judgment for Robertson, upon the facts of the case, as agreed between the parties, under the law of the case, as decided by this Court at its last term, and the said Circuit Court hath neither given or shown any good reason, excuse or justification, in *its* opinion filed in the cause, for overruling the said decision of this Court.

2d. That the sale, by Morris, of the negro in controversy, to the plaintiff, Robertson, invested the plaintiff with a legal right to the slave, and that it was not necessary, by the law of the land, that the sale to Robertson should have been a judicial sale, after a foreclosure of the equity of redemption of Campbell in the property, in order to have invested him (Robertson) with the right of property in the slave.—4 Kent's Com., 138; 12 Wendell, 61; 8 Johnson, 96; Story's, Equity, 348; 2 Atkyns, 317; 2 Johns. C. Rep., 99; 1 P. Williams, 261; 7 Cowan, 294; 7 Mo. Rep., 556; 6 Mo. Rep., 273; 1 Call. Rep., 280; 2 Call. Rep., 421.

KIRTLEY, *for Defendant in Error.*

NAPTON, J., *delivered the opinion of the Court.*

This was an action of trover, brought by the assignee, a mortgaged slave, to recover possession of the slave from the mortgagor.

The case was decided by this Court at the January term, 1844, (vol. 8, p. 366,) and the Circuit Court, to which the cause was remanded, has dissented from the opinion there delivered, in a spirit of candor and respect, calculated to induce a careful re-examination of our position with the same feelings.

The opinion of the circuit judge is founded upon the doctrine, generally maintained in relation to mortgages of real estate, that the debt is the principal, and the mortgage only the incident; that an assignment of the debt will carry with it the mortgage, as its incident, but that an assignment of the interest in the land, without the debt, is a nullity. (Wilson *vs.* Troup, 2 Cow. Rep., 195; 5 Cow., 202; 4 Johns. Rep., 43.) If these principles be applicable to mortgages of personal property, the position of the Circuit Court is maintained.

But the same court which has held these doctrines, has also adjudged, that a mortgagee of personal property, when payment is not made on the day, is the absolute owner; (Ackley *vs.* Finch, 7 Cow., 290; Langdon *vs.* Bush, 9 Wend., 80; Brown *vs.* Bement, 8 Johns. Rep., 96;) and that personal property may, after forfeiture, be levied on, by virtue of an execution against the mortgagee, although in the hands of the mortgagor. (Ferguson *vs.* Lee, 9 Wend., 258.)

In New York, where these opinions prevail, the courts have manifested a strong inclination to break down the distinction which formerly obtained between the mode of regarding mortgages in courts of law and in courts of equity, and the legislature has evinced a corresponding disposition on their part. Hence the legislature has enacted, (what I think had been previously sanctioned by the courts,) that the mortgagor may maintain ejectment, (Runyan *vs.* Merserean, 11 Johns. Rep., 534,) and that the equity of redemption may be sold under execution; and in accordance with this notion, that the mortgage is but a security—the mortgagor is the real owner of the estate—the *freeholder*, the courts have held, that the lands mortgaged cannot be sold on execution against the mortgaged, before foreclosure, though the estate has become absolute at law. (4 Johns. Rep., 41; 11 Johns. Rep., 534.)

Not so, however, in relation to mortgages of personal property; on the contrary, the equity doctrines in that State seem to allow the mortgagee to foreclose the equity of redemption, in personal chattels, by a notice and sale. (Hart *vs.* Teneyck, 2 Johns. Ch. Rep., 100.) But this was the doctrine of a court of equity, and placed upon the authority of the English cases of Tucker *vs.* Wilson, (1 P. Wms., 161,) and Lockwood *vs.* Eure, (2 Atk., 303,) and had no reference to the position of the courts of law in relation to the legal estate of the mortgagee. There is no pretension that the interest of the mortgagor in real estate could be foreclosed by such a process.

So, whilst this Court has held, that an equity of redemption in real estate was vendible, under execution, it has also held, that the interest of the mortgagor in chattels could not be sold under execution.—King *vs.* Bailey, 8 Mo. Rep.

Hence, it is evident, that there are material and numerous distinctions between mortgages of land and mortgages of chattels; and whilst the courts of law have gradually approximated to courts of equity, in their view of mortgages in real estate, they maintain their ancient ground in relation to the latter class of securi-

ties: for this, doubtless, there have been sufficient motives, arising partly from the inferior value and importance of personal property, and partly from a reluctance to impose any unnecessary restrictions upon its transfer.

This is an action of trover, and the only question is, as to the legal title.

Unquestionably, the morgagee, after forfeiture, has the legal title—is, in the eye of the law, the absolute owner of the chattel. It is difficult to conceive of a title of this character, accompanied with such restrictions as to prevent its transfer to another. How can a man be said to be the absolute owner of a chattel, and yet unable to make any valid disposition of that chattel, by sale, gift or otherwise?

It is suggested, in the opinion of the circuit judge, that considerable embarrassment will attend the settlement of the rights of these parties in a court of equity, if a transfer of the mortgaged property be allowed. This may be so, if a restitution of the mortgaged property is thought to be essential. But if the mortgagor be entitled to a decree only for the value of the mortgaged property, (as against the mortgagee) deducting the amount of the debt, it is not perceived, that the sale, by the mortgagee, will anywise affect the rights of the mortgagor in equity.

Judgment reversed, and cause remanded.