Sexton v. Monks.

SEXTON, Respondent, vs. MONKS, Appellant.

1. The 13th section of the 7th article of the New Code, requiring either party relying upon a record, deed, or other writing, to file the original, or a copy, with his plea, is only applicable to cases in which the party recites his title in his pleading, as existing by written conveyances; or to a case in which the record, or writing, is recited in the pleading, as confirming or barring a right.

2. The interest of a mortgagor, or pledgor, of personal property in the hands of the mortgagee, or pledgee, is not subject to sale under execution.

*Appeal from St. Louis Court of Common Pleas.*

Sexton sued Monks under the New Code, alleging, in his petition, that on the 7th of February, 1849, the defendant, without leave, and wrongfully, took the following property of the plaintiff and has not returned the same, viz : " one roan mare of the value of $75, and one chesnut sorrel mare of the value of $75, by which plaintiff says he is damaged to the amount of $200, for which he asks judgment."

The defendant, in his answer, denies that he took the property of the plaintiff, or wrongfully detained the same, or that the plaintiff has sustained any damage by any act of the defendant. The defendant refers to judgments obtained by him before justice Kitzmiller, on the 4th of November, 1848, in his favor against D. F. White. Execution issued thereon on the 13th of November, 1848, under which the mares were sold as White's, to satisfy said execution, and makes said proceedings a part of his answer.

On the trial, February 27th, 1851, the plaintiff offered proof, tending to show, that he was in the possession of the mares sued for, in the fall of 1848, and that he received them from one D. F. White, and having proved said White's signature to the following paper, offered it in evidence :

" ST. LOUIS, October 25th, 1848.

I have this day received of Patrick Sexton (a colored man,) $50, and have delivered him a roan horse and a sorrel mare, which he is to use and feed for two months; at the expiration of two months, he may return the two horses and the harness I have loaned him, and I am to pay him back the $50, or he may keep the horses and pay me $50 more, at his option.

Given under my hand this day and year written.

D. F. WHITE."

The defendant objected to the admission of this paper, for the reason that it was not referred to in the petition, and that there was no notice to the defendant of its being filed in the case, as a part of plaintiff's cause of action. The court overruled the objection, allowed it to be read, and defendant excepted.

The plaintiff offered proof, showing that there was a mistake in the writing, in calling one of the animals a horse; that the animals intended were both mares.

The plaintiff then offered a transcript of proceedings before John W. Colvin, a justice of St. Louis township, in a suit in favor of Jno. Smith *vs.* D. F. White, the defendant, and Patrick Sexton, garnishee.

The defendant objected to these papers, because they were not filed with the petition, and no notice given to the defendant of their being filed February 4th, 1851. The court admitted them, and defendant excepted.

The transcript showed, that John Smith commenced suit by attachment against D. F. White, on the 15th day of December, 1848, and that on the same day, Patrick Sexton, the plaintiff, was summoned as garnishee; that on the 3d day of January, 1849, Sexton answered as garnishee, admitting that when he was summoned as garnishee, he had a sorrel and roan mare, belonging to White, in his possession, which he held under the writing dated 25th day of October, 1848, above copied, but that the two months, mentioned in the writing, having elapsed, and White not having demanded the two mares, he considered that he owed White $50.

On the 2d of February, 1849, judgment was rendered against Sexton, as garnishee, on his answer, and on the 8th day of February, 1849, execution issued on this judgment against him, which was afterwards entered "satisfied."

The defendant then introduced a transcript from Justice Kitzmiller, a justice in St. Louis township, showing, that on the 4th day of November, 1848, the defendant in this action, J. A. Monks, obtained judgment against D. F. White, for $100 and costs, and that on the 13th of November, 1848, an execution issued on said judgment, to the constable of St. Louis township, which was received by the constable the same day, and that under this execution, the constable levied on the two mares, as the property of D. F. White, on the 24th of January, 1849, in St. Louis township, and sold them to satisfy said execution, on the 7th day of February, 1849, for $69.

The court gave the following instructions to the jury.

1. The contract read in evidence, dated October 25th, 1848, passed the title to the property, on the delivery of the same to Sexton. If the jury believe that the property in question belonged to White on the 25th of October, 1848, and that he executed the contract of that date, on payment to him of $50, and delivered the property to Sexton, and that the property continued in the possession of said Sexton, and was not returned by Sexton to White, and that after the expiration of the two months from the date of the contract and before the actual levy of execution in the suit of Monks against White, said Sexton was summoned as garnishee in an attachment suit against White, and judgment was rendered against him as said garnishee, then the jury will find for the plaintiff.

2. To entitle the plaintiff to recover, in this case, he must prove, to the satisfaction of the jury, that the defendant took the property in question, or that it was taken by the defendant's orders or directions and detained from the plaintiff. If the constable took and retained the property or refused to deliver it to the plaintiff on demand of the plaintiff, and thus acted under the directions of the defendant, the defendant is liable

for all damages sustained by the plaintiff, from the taking or detention of said property.

3. The instrument, dated October 25th, 1848, if signed by White, and if the property named in said instrument was White's at that date, and the same was delivered to Sexton under that instrument, passed the title to the property, and the same became the property of Sexton, and was not liable to an *execution against White subsequently issued.*

To the giving of these instructions defendant excepted.

The following instructions were asked by the defendant and refused by the court, to which refusal the defendant excepted.

1. The jury are instructed, that the execution issued on the judgment before Justice Kitzmiller, in favor of Monks *vs.* D. F. White, was a lien on all the personal property of said White in the township of St. Louis, from the 13th of November, 1848, and bound such property, so that said White could only pass the title, subject to the lien of said execution.

2. If the jury believe, from the evidence, that the title to the two mares now sued for, was, on the said 13th day of November, 1848, in the said White, and that said mares were in the township of St. Louis, and while they were so in said township, were levied on and sold under said execution before the lien thereon expired, they will find for the defendant.

3. Unless the jury believe, from the evidence, that the plaintiff was the owner of the mares and in possession of them at the time they were taken, and unless they also believe, from the evidence, that the defendant himself took the mares from the possession of the plaintiff, or was present at the taking, or aided or abetted the officer in the taking, they will find for the defendant.

4. The delivery of the two mares sued for to the plaintiff, Sexton, by D. F. White, under the contract given in evidence, did not pass the title to Sexton ; the property in said mares remained in White, till the expiration of the two months mentioned in the writing given in evidence. If, therefore, the jury find, from the evidence, that the execution in favor of

Monks against said White, was received by the constable, before the expiration of the said two months, said execution, from the moment of its receipt by said constable, bound the said property, so that it could not afterwards pass from White to Sexton ; and if the jury further believe, from the evidence, that the said mares were sold under the said execution in favor of Monks against White, the title to said mares passed by said sale to the purchasers thereof, and the jury will find for the defendant.

5. The delivery of the two mares sued for to the plaintiff, Sexton, by White, under the contract given in evidence, did not pass to Sexton the title to said mares ; this remained in White till the expiration of the two months, and then Sexton could only acquire the title to the mares by immediately, on the expiration of the two months, electing to keep them and notifying White of such election, and immediately paying, or offering to pay, at the end of the two months, the other $50 mentioned in the contract. If he failed to do so immediately on the expiration of the two months, he acquired no title to the mares, and they were liable to be sold under Monk's execution.

*M. L. Gray*, for appellant.

The court erred in permitting the plaintiff to read in evidence the paper dated the 25th of October, 1848, as it was relied on by the plaintiff to prove his title to the property sued for, and, was in no way referred to in the petition, as required by the Practice Act, nor was there any notice to the defendant.

The court erred in permitting the plaintiff to read in evidence exhibits filed on the 2d and 27th days of February, 1851, as no notice of the filing was given to the defendant, and as they were filed at the term after the pleadings were made up. One of them was filed on the day of the trial and one a few days before, and the defendant had no notice of them till they were offered in evidence, and had no opportunity to answer them or disprove them. These exhibits were not part of the case made by the plaintiff's petition, to which he should have been confined.

Sexton v. Monks.

The court erred in construing the writing dated October 25th, 1848. Said instrument did not pass the title to the plaintiff at the time of the delivery of the property to him under it. It was only a conditional sale, the title remaining in White till the end of the two months, and till the performance by the plaintiff of the further condition required by the instrument. This appears on its face, and by the plaintiff's admission. 2 Gratt. 38. 9 Ala. 24. 17 Vt. 176. 9 N. H. 298. 22 Pick. 535. 3 Metcalf, 9.

The title to the property was in White, at the time that Monk's execution against White came to the hands of the constable, and the lien of said execution bound White's interest from that date, and the subsequent proceedings against White, at the suit of John Smith, could not divest the prior lien of Monk's execution. Rev. Stat. 1845, *Justices Courts*, Art. 7, sec. 5.

*H. N. Hart*, for respondent, contended that the mares were the property of Sexton, from the time of the delivery, and not subject to levy as the property of White; that Sexton was subject to garnishment only, as the debtor of White for fifty dollars, and having been garnisheed at the suit of Smith, and having paid the balance of fifty dollars on said garnishment, Monks was liable to an action for ordering the mares to be levied on and sold as the property of White.

GAMBLE, Judge, delivered the opinion of the court.

1. There is no warrant in the New Code of Practice for the idea, that a party cannot use in evidence a paper, which has not been filed in the court. The 13th sec. of the 7th Article requires either party relying upon a record, deed, or other writing, to file with his plea an authenticated copy of such record, and the original deed or writing, if in his power. This is only applicable to cases in which the party recites his title in his pleading, as existing by written conveyances, or to a case in which the record is recited in the pleading, as confirming or barring a right. Take the case of a suit upon a note, in which the defendant answers that before the institution of the suit, he

paid the debt ; the defence in such a case is, the fact of pay-ment, and this may be shown by a receipt, or by oral evidence. In such case, a receipt, which proves the fact of payment, may undoubtedly be used in evidence, whether it was filed or not. The party does not " rely on the writing," but on the fact of payment.

The papers given in evidence, in this case, could not be properly objected to, because they had not been filed, or be-cause the plaintiff had not set them out in his petition..

2. The possession of the property, in this case, being in the plaintiff, under the contract with White, the interest of White was not the subject of sale under execution. *King* v. *Bai-ley*, 8 Mo. Rep. 332. Whether we regard the possession of the plaintiff, as held under a pledge to him, or a mortgage for the money he had advanced on a conditional sale, the creditor of White could not, under his execution, take that possession from him.

When, in the attachment suit against White, in which the plaintiff was summoned as garnishee, the plaintiff declared his election to keep the horses and pay the remainder of the consideration, and was adjudged to pay, and did pay such consideration, his title to the property was complete.

Let the judgment be affirmed.