RICHARDSON AND WIFE, Appellants, v. MEANS, Respondent.

1. Where a slave is conveyed to a trustee to be held in trust for the use of a married woman for life, (she being entitled by the deed of conveyance to the possession of the slave,) and upon her death for the use of the children ; *held*, that the wife can not in her own name and that of her husband maintain an action for the conversion of the slave. An action for the protection of the legal ownership should be brought in the name of the trustee, or in case of his death or refusal to act, or the existence of any obstacle to the ordinary legal remedy, a proper case for equitable relief might be made and such relief furnished.

*Appeal from Mississippi Circuit Court.*

This was an action commenced June 17, 1853, by Maria L. Richardson (the husband having afterwards been made a party

by an amended petition) for the recovery of a female slave and her two children, alleged in the petition to have been wrongfully taken by the defendant, May 1, 1849, and unlawfully detained by him.

Defendant, in his answer, denied the title of plaintiff, and claimed title in himself, and relied upon a bill of sale to himself, dated May 1, 1848, of the negress and one child, executed by Thomas R. Richardson, husband of plaintiff, Maria, and co-plaintiff in this action.

To sustain the wife's right, she relied on a deed of gift from her father, William C. Bruce, dated April 1, 1845, by which, in consideration of love and affection toward the plaintiff, his daughter, he conveyed the female slave in controversy to one Littleton Jozner, "upon trust that the said Jozner, his executors, &c., shall permit my said daughter to hold possession of and take the use, hire and profits of the said Maria and her increase to her sole and separate use during her life, independent of her said husband; and at the death of my said daughter, the said Maria and her increase to be equally divided between her children," &c.

The bill of sale mentioned above, dated May 1st, 1848, was introduced and proven by defendant.

It is unnecessary to set forth the instructions given to the jury, as the decision of the court rests upon grounds entirely unconnected with the instructions given.

The jury found for the defendant, and judgment was given accordingly. Plaintiffs appealed.

*Cates*, for appellants. 1. By the deed of trust, "the use and possession" of the slave vested in the wife during life, to the exclusion of the husband and Jozner, the trustee. The latter was a mere trustee, to support and maintain the remainder vested in the children; neither the husband nor trustee had the power to limit or control the action of the wife in the use and possession of the slave; she had the power to sell or dispose for the term of her life; in other words, she had a life estate, free and independent of all persons, and any violation of her estate

was personal to her. Hence, she was the real party in interest, and, by the code, had a right of action for the wrongful conversion and detention. (See Code, art. 3, § 1 and 2 ; 18 Mo. 565 ; case of Rankin, 19 Mo. 493 ; 2 Kent. Com. 162.) The doctrine of the case of Gibbon (20 Mo. 468) is not opposed to the view here contended for. 2. It is a fixed principle of law that in all separate estates of the wife, created by trust deed, with or without the intervention of a trustee, the husband takes the legal estate, and is treated in equity as trustee for the separate benefit of the wife. (Hill on Trustees, 588, 609, and notes referred to.)

*Glover & Richardson*, for respondent. 1. No matter what errors may have been committed, the judgment is for the right party, and must stand. The plaintiff had no *status* in court, for the bill of sale from Bruce to Jozner put them out. If Jozner was living, he ought to have brought the suit : if he was dead, the plaintiff ought to have taken the proper steps for the appointment of another trustee. (Gibbons v. Gentry, 20 Mo. 468 ; Gobin v. Huntington, 15 Mo. 40.)

LEONARD, Judge, delivered the opinion of the court.

We can not reverse this judgment, no matter how much we may regret that parties, by a slip in the form of proceeding, should subject themselves to costs and delay in the judicial enforcement of their rights. The instructions given are correct in point of law, and this seems to be admitted ; but the objection is, that the one given by the court upon its own suggestion, was not warranted by any evidence in the cause, and that, although correct in the abstract, it had the effect of misleading the jury. If this could be made apparent to us, it might furnish sufficient ground for reversing the judgment in a case where the reversal would avail the party. Here, however, the plaintiffs have stated themselves out of court, and therefore, if the jury were misled, it resulted in no injury to them ; for the reason that, according to their own showing, they had no case entitling them to a recovery. The plaintiffs' title is derived

Richardson v. Means.

from the instrument of gift executed by the father, which vests the legal ownership in the trustee for the use of the wife during her life, and upon her death for the use of her children, and the action is to redress a wrong done to the legal ownership, being substantially an action for the conversion of the plaintiffs' slaves. Under the old form of proceeding, this suit must have been brought by the trustee at law ; but if, from any cause, the legal ownership could not have been made effectual for the protection of the wife's equitable right, the courts would, at her suit, upon a proper statement of facts, all the necessary parties being before them, have administered the appropriate equitable relief. But it is supposed that all this is changed by the new code, which is true to some extent. It must be observed, however, that the code has not changed the rights of parties, but only provided new remedies for their enforcement ; it has not abolished the distinction between equitable and legal rights, but the distinction between legal and equitable remedies, so far, at least, as to provide that one form of suit shall be used for the enforcement of both classes of rights. The case made upon the record was for legal relief ; but the case made by the plaintiffs, in proof, was of a different character.

It was the duty of the trustee to protect the legal ownership from violation, and to preserve the property for the use of the parties beneficially interested as they should respectively become entitled ; and if, as before remarked, there were any obstacles in the way of the legal remedy, or the trustee refused to do his duty, then, upon a proper case stated, and proper parties being made, the courts would, in a civil suit under the code, afford relief according to the principles of equity ; and the present judgment can not be pleaded in bar of any equitable relief that shall be thus sought by the wife.

The judgment must be affirmed.