CHRISTOPHER W. SPALDING, Respondent, v. PHILIP C. TAYLOR, Appellant.

January 31, 1876.

1. Testimony being properly introduced tending to show that a written contract, absolute on its face, is in fact a mortgage, it is erroneous to instruct the jury to disregard such oral testimony as may tend to vary the terms of the written contract.

2. The interest of a mortgagor of personal property in the hands of the mortgagee is not subject to seizure under execution against the mortgagor.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*G. Pollard* and *D. W. Paul*, for appellant, cited: 1 Pars. on Con. 430 ; 1 Greenl. on Ev., sec. 285 ; Nedvidek *v.* Meyer, 46 Mo. 600 ; Dilworthy *v.* McKilsey, 30 Mo. 149 ; Fallon *v.* Manning, 35 Mo. 271 ; Free *v.* Vogel, 40 Mo. 149.

*R. S. Voorhis*, for respondent, cited: 3 Pars. on Con. 249, and cases referred to in note ; Park *v.* Hall, cited by Parsons, 2 Pick. (Mass.) 206 ; Delnerth *v.* McKeley, 30 Mo. 149 ; Hill. on New Tr., ch. 8, sec. 32, p. 152 ; Wallard *v.* Hilliard, 7 Wis. 627 ; Buckman *v.* Greenleaf, 48 Me. 374.

BAKEWELL, J., delivered the opinion of the court.

This was a proceeding in the nature of replevin under our statute, begun by respondent against appellant, for certain personal property, partly live stock.

The plaintiff, Spalding, had given to one Phillips a bill of sale, sealed and acknowledged, and which was duly recorded, for the property in question. The consideration expressed in the deed is a certificate of stock, but plaintiff was allowed

to show on the trial that the real consideration was a sixty-day note. The evidence shows that plaintiff was to retain possession of this property until the note was paid; that it was not paid at maturity, and still remained unpaid at the time of trial. That, whilst the property was thus in the possession of plaintiff, as mortgagee, it was levied upon by defendant, sheriff of St. Louis county, at the suit of one A. S. Taylor, as the property of said Phillips. Plaintiff replevied the same out of the hands of the sheriff. In the replevin suit judgment was for defendant, at special term, and, on appeal to general term, that judgment was reversed; from which judgment of general term defendant appeals to this court.

On the trial the court granted the following instruction for defendant:

" The jury will disregard the testimony of the plaintiff in the case in relation to the contract of sale of the property in controversy from him to Phillips, in so far as it tends to vary the effect of the written contract in evidence, if they believe it does so vary the terms of said contract."

This was calculated to mislead the jury. It tells the jury to construe a written contract, and to disregard testimony tending to vary their construction thereof. Testimony tending to show that this bill of sale, though absolute on its face, was a mortgage, was properly admitted on the trial, and the jury could only understand this instruction as a direction to disregard that evidence.

The following instruction was asked by plaintiff, and refused:

" If the jury believe from the evidence that the plaintiff sold, or agreed to sell, the property in question to one Phillips, upon the condition that the plaintiff was to hold the possession of said property as a security until the purchase money for the same was paid, and default was made in the payment of said purchase money, then no such interest in said property passed to said Phillips as gave the

plaintiff, in the attachment against Phillips, the right to seize said property, and you must find for the plaintiff."

This instruction should have been given. There was evidence to support it, and it states the law correctly.

The interest of the mortgagor of personal property in the hands of the mortgagee is not subject to sale under execution against the mortgagor. *Sexton* v. *Monks*, 16 Mo. 156.

The judgment of the Circuit Court at general term, reversing the judgment at special term and remanding the case, is affirmed. The other judges concur.