MATTHEW DURNIN, Appellant, v. E. J. WADDINGHAM, Respondent.

May 2, 1882.

1. On appeal from a justice of the peace, amendments cannot be made in the circuit court changing the parties or the nature of the action.

2. Where, in an action of replevin against a married woman, she successfully defends on the ground of coverture, a judgment cannot be rendered in her favor against the plaintiff and his sureties on the replevin bond.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
Reversed, and judgment.
W. H. H. RUSSELL, for the appellant.
E. J. DELEHANTY, for the respondent.

THOMPSON, J., delivered the opinion of the court.

On December 11, 1880, the defendant, Mrs. E. J. Waddingham, a married woman, executed to D. H. Evans, a chattel mortgage of certain furniture used in a boarding-house kept by her. In the deed of mortgage she is described as "a widow." Afterwards, Evans assigned the mortgage and the notes thereby secured, to the plaintiff, who claims to have been a *bona fide* purchaser of the same, without knowledge of the fact that Mrs. Waddingham was a married woman. Default having been made in the payment of the notes thereby secured, or some of them, the plaintiff brought this replevin suit before a justice of the peace ; gave bond in conformity with the statute ; had the property delivered to him ; caused it to be sold at auction ; became the purchaser for $135, and afterwards sold it to a third person for $240. Judgment was rendered for the plaintiff by the justice of the peace, and Mrs. Waddingham appealed to the circuit court. In the circuit court, for the first time Mr. Waddingham came forward and testified that he was the husband of Mrs. Waddingham at the time when the mortgage was made

and also at the time of the trial, and Mrs. Waddingham gave the same testimony. Testimony was given by the plaintiff tending to show that Mrs. Waddingham, at the time of the loan and execution of the mortgage, represented herself as a widow, and that the deed of mortgage in which she is described as a widow was read over to her before she signed it. These statements were denied by her in her testimony.

The plaintiff moved the circuit court for an order making Mr. Waddingham a party defendant, which order the court refused, and the plaintiff excepted. In this, the court was right. In causes appealed from a justice to the circuit court, amendments cannot be made in the circuit court which have the effect of changing the nature of the action, or of changing the parties to it, so far as to make it substantially a different suit.

The circuit court gave judgment for the defendant, against the plaintiff and his sureties in the replevin bond, for the recovery of the property taken under the writ of replevin or at her election, for the sum of $240, the value of the same, as found by the court, and also for costs. No instructions were asked for on either side, but as the only defence set up to the action was the coverture of Mrs. Waddingham, it sufficiently appears that this was the only ground upon which the court rendered its judgment.

We shall not again go over the subject of the disability of married women to make contracts. We considered it at sufficient length in the recent case of *Danner* v. *Berthold* (11 Mo. App. 351). The general rule is, that an attempted contract of a married woman having no separate estate, is void — not voidable merely, but void, and incapable of ratification or of operating as an estoppel against her. The chattel mortgage and notes given by Mrs. Waddingham which are the foundation of the plaintiff's right of action, were, therefore, of no more value than so much white paper. No rights can be acquired under a void instrument by an innocent purchaser, and the plaintiff acquired no additional advantage

from the fact of not having had knowledge of the cover-ture of Mrs. Waddingham.   His position, therefore, is not better in law than that of a mere trespasser, and he un-doubtedly stands liable to account to the real owner of these goods for their value.

But does this justify the judgment which was rendered against him and his sureties in favor of Mrs. Waddingham? As pointed out by Lord Kenyon in his judgment of the celebrated case of *Marshall* v. *Rutton*, a married woman cannot be a *feme covert* for one purpose, and a *feme sole* for another purpose.   She cannot be a *feme covert* for the purpose of avoiding her contracts, and a *feme sole* for the purpose of recovering a judgment in the courts.   The present judgment involves this absurdity.   It denies to the plaintiff the right to maintain an action against Mrs. Wad-dingham upon her attempted contract, because she is a married woman; at the same time it allows her to recover a judgment for money against the plaintiff and his sureties, although she is a married woman.   This, we are clear, can-not be done.   She cannot be a *feme covert* and a *feme sole* in the same action.   It is equivalent to holding that re-plevin cannot be maintained against her for goods, the right of possession of which she has attempted to part with by contract, but that she may, nevertheless, maintain an action of trover for such goods against any one who gets them out of her possession.

That a married woman cannot maintain trover at common law is clear, both upon principle and authority.   *Richard-son* v. *Means*, 22 Mo. 495.

The judgment which was rendered in this case follows literally the terms of the statute.   Rev. Stats., sect. 3855. But statutes are to be construed with reference to the prin-ciples of the common law; and we think that this statute, in providing that the defendant in an action of replevin may have judgment against the plaintiff and his sureties, has reference to a defendant who is *sui juris*, who is capa-

ble of having a standing as a plaintiff in the courts, and of recovering a judgment and taking the fruits thereof; and that it does not apply to a married woman who, ordinarily, cannot sue in our courts without the joinder of her husband. We shall reverse the judgment of the circuit court, and render judgment in this court dismissing the suit. There will be no hardship in this. On the one hand, it will prevent Mrs. Waddingham from reaping benefit from the repudiation of her engagement on the ground of her coverture. On the other hand, it will leave it open to the real owner of this property, whoever he may have been, to proceed against the plaintiff, and, perhaps, against his sureties jointly with him, for its value. Should Mr. Waddingham institute such a proceeding, then there will be a fair opportunity to determine the question whether, by standing by and permitting his wife to act and represent herself as a feme sole, he is not estopped to repudiate her engagements. Danner v. Berthold, 11 Mo. App. 351.

The judgment is reversed and the suit dismissed. All the judges concur.