OSCAR F. MYERS, Plaintiff in Error, *v.* JOSIAH HALE and JOHN C. HOWARD, Defendants in Error.

March 30, 1885.

1. TROVER AND CONVERSION—REQUISITES IN ORDER TO MAINTAIN.—In an

action in trover for the conversion of personal property it must appear that the plaintiff had the legal title to or the right to the possession of the property sued for at the time of the alleged taking or finding and conversion, or he cannot recover.

2. SAME—CASE ADJUDGED.—In this case there is a *deed of trust* which by its express terms conveys the legal title to the property in controversy (as well as other property) to the trustee therein named. The legal title was therefore in the trustee and he was entitled to the possession of the property, and he only can maintain this action.—*Parker* v. *Rodes*, 79 Mo. 91.

3. SAME—When the conclusion of the trial court is right this court will not discuss its methods in reaching it.

ERROR to Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Affirmed.*

Statement of the case by the court.

The petition sets forth that on the 6th day of November, 1873, and for a long time prior thereto, Richard L. Edgeworth and Margaret Edgeworth were the owners in fee of certain described real estate. That Richard L. Edgeworth, and William Edgeworth, the husband of said Margaret, were in lawful possession of said lands, cultivating the same; that on the 6th of November, 1873, said Richard L., William, and Margaret were indebted to William E. Lee, in the sum of $4,158, evidenced by their seven equal promissory notes.

That to secure the payment of said notes, Richard L., Margaret, and William Edgeworth executed, acknowledged and delivered to said Lee, on the 6th November, 1873, their deed of trust upon three-fourths of all the crops of all kinds raised or to be raised upon said real estate; that said deed of trust was filed for record in the recorder's office for Jackson county, on the 11th December, 1873, and was on that day duly recorded; that prior to 1st February, 1875, said Lee, for valuable consideration, sold, endorsed, and transferred said notes to the plaintiff, Myers; that plaintiff has continued to hold and own said notes; that three of said notes, and the interest on all of them, were, on March 1, 1877, due, and are now due and unpaid; that Richard L. and William Edge-

worth did, during the summer and crop season of 1876, by farming and cultivating said lands, grow, produce, and gather upon said lands a crop of corn aggregating 2,400 bushels; that prior to March 1, 1877, said deed of trust became absolute, and plaintiff had become and was the legal owner, and entitled to the immediate possession of the three-fourths of said 2,400 bushels of corn, the crop so raised, produced, and gathered on said lands; that defendants, well knowing the premises, negligently and wilfully disregarding plaintiff's rights, did, about March 24, 1877, and without the consent, permission, or knowledge of plaintiff, take, receive, dispose of, and convert to their own use 1,300 bushels of said three-fourths of said crop of corn so raised, produced, and gathered upon said lands, of the value of $377; that plaintiff had at divers times demanded the return of the corn, which defendants refused.

The answer—First. Denies each and every material allegation of petition, not expressly hereinafter admitted.

Second. Admits that on November 6, 1873, Richard L., Margaret, and William Edgeworth executed a deed of trust in the nature of a mortgage upon three-fourths of all crops of all kinds raised upon the lands described in petition.

Third. Alleges that the deed of trust so executed by the Edgeworths was for the purpose and with the intent and design to defraud, hinder, or delay the creditors of Richard L. and William Edgeworth, and create in them a secret trust; that plaintiff and Lee had full knowledge.

The reply was a general denial.

The case was submitted to the court without a jury. The court found for defendants, and the plaintiff has brought the case here by a writ of error.

Among other evidence introduced by plaintiff was the deed of trust made by William, Margaret, and Richard L. Edgeworth to J. A. Shaw, dated 6th November, 1873, acknowledged and certified, filed for record in recorder's office, Jackson county, at Independence, December 11, 1873, whereby they conveyed to Shaw three-fourths of all

crops of all kinds raised or to be raised on said lands, and provides that in case the grantors neglect or refuse to cultivate land and raise crop, that trustee may lease premises and put tenant in possession, and pay to Lee proceeds from rentals; made to secure six of the notes described in first deed of trust, maturing March 1, 1874, and annually thereafter to March 1, 1880, inclusive. This deed of trust contained power of sale in case of default.

Upon this deed of trust the plaintiff relied to establish his title to the corn, alleged by him in his petition, to have been converted by defendants.

The plaintiff was a witness for himself, and among other things testified as follows:

"The crop of 1876 is the one in dispute. I was very anxious about this crop, as at this time I owned the notes made by Edgeworth to Lee; and the administrator, Carter, who held the $400 note and one of the Edgeworth notes as collateral, was pressing payment and threatening to sell under the deed of trust. I did not have the money to pay the $400 note, and often during the winter urged John Edgeworth to gather the corn so that I could sell it. Edgeworth said the mud was too bad, and that he could not gather the corn as requested. As soon as I learned that they had begun to haul the corn I sent the trustee under the new deed of trust to take charge of it. He took possession of all that was left, sold it, and through Proudfit sold it to the defendant in this suit, and sent me $136. By agreement with Edgeworths this was paid on the $400 note. I was anxious to pay the $400 note, so as to get up the collateral, and thus control the sale under deed of trust, to save as much of my debt as possible."

The court refused all the declarations of law asked by the plaintiff and the defendants, and gave of its own motion a single declaration of law. It is not necessary to refer further to the declarations of law refused or given, than to say that the defendants, in one presented by them, asked the court to declare that under the pleadings and evidence in this case the court should find for them.

BOGGESS & MOORE for the plaintiff in error.

I. By making the declaration of law which the court did of its own motion, the court necessarily found all the issues of fact for the plaintiff.—*Hamilton* v. *Boggess*, 63 Mo. 233.

II. The court held the mortgage as to crops to be planted and grown after its execution, though duly acknowledged and recorded, void as to third persons, especially as to those who had no *actual* knowledge of the existence of the mortgage. The court intended to hold that a party could not make a valid mortgage on property to be acquired, or produced after its execution. Is this the law? See *Wright* v. *Bircher*, 72 Mo. 179; *Frank* v. *Playton*, 73 Mo. 672; Jones on Mortgages, sect. 150.

III. The notice need not be *actual*. It is imparted by the filing of the instrument with the recorder.—*Miller* v. *Whitson*, 40 Mo. 97–102.

A. COMINGO, for defendants in error.

I. The mortgageors have been in the habit of gathering and selling the crops with the knowledge of mortgagee and of plaintiff after the notes had been assigned to him. Defendant had no *actual* knowledge of the existence of deed of trust, nor as to the fact that the corn had been grown on the land covered by it. Nor does it appear that the quantity sold defendants was in excess of one-fourth (the share of the Edgeworths).

II. None of the property attempted to be conveyed had an actual existence at the time, nor was it reasonably certain to come into existence. The attempted conveyance was void as against subsequent purchasers without actual notice. *It was only good in equity between the parties.*—*Rutherford* v. *Stewart*, 79 Mo. 217; *Wright* v. *Bircher*, 5 Mo. App. 327; *Comstock* v. *Scales*, 7 Wis. 159; *Moody* v. *Wright*, 13 Metcalf 17; *Gittings* v. *Nelson*, 86 Ill. 591; Jones on Chattel Mortgages, sects. 56, 59, and citations; *Locker* v. *Pukwell*, 38 N. J. Law, 253; *Smithhurst* v. *Edmonds*, 14 N. J. Equity, 408; *Ross* v. *Wilson*, 7 Bush. (Ky.) 29; *Gardner* v. *McEwen*, 19 N. Y. 125.

III. The recording of deed of trust did not even impart

constructive notice to subsequent purchasers. A *future crop* cannot be mortgaged so as to make registration effectual as against subsequent purchasers without actual notice.—*Hamilton* v. *Rogers*, 8 Md. 301; *Single* v. *Phelps*, 20 Wis. 398.

IV. It is certainly an unwarranted assumption that by the declaration of law given, the court necessarily favored all the issues offered for the plaintiff. The case of *Hamilton* v. *Boggess* (63 Mo. 233) will bear no such construction. On the finding of the special facts, and without determining any of the other issues, judgment was rendered for defendants.

OPINION by HALL, J.

This is an action in trover for the conversion of certain corn alleged by plaintiff to be his property. Unless plaintiff had the legal title to or the right to the possession of the corn at the time of its alleged conversion by defendants, plaintiff has no standing in court and cannot recover. If for any reason the deed of trust introduced in evidence by plaintiff and relied upon by him as his ground of recovery did not convey to plaintiff the legal title to or the right to the possession of the corn at the time of its conversion by defendants, then the judgment of the circuit court was for the right party and should be affirmed by us without any regard whatever as to the correctness or incorrectness of the reasons, on account of which said judgment was rendered.

The questions whether a chattel mortgage of crops not yet planted but to be grown in the future on land at the time owned by the mortgageor will convey a legal title to said crops to the mortgagee; and whether the recording of such a chattel mortgage gives legal notice to a purchaser, in good faith, without actual notice, who buys the crops from the mortgageor in possession, have been argued at much length in this case. But in our view of this case it is not necessary to give our opinion on these questions, and we express no opinion upon them.

In this case there is no mortgage in the sense of the

word as here used. There is a deed of trust, which conveys no legal title to the corn in suit to plaintiff. There is a deed of trust, which by its express terms conveys the legal title to said corn to the trustee therein named, one Shaw. In this case, then, Shaw had the legal title to the corn in suit, the plaintiff was merely the assignee of the beneficiary named in the deed of trust. Shaw was entitled to the possession of the corn.—*Pace* v. *Pierce*, 49 Mo. 395; *Lacy, Trustee*, v. *Giboney*, 36 Mo. 320.

The conclusion reached by us is, that by reason of the deed of trust in evidence the plaintiff did not have either the legal title or the right of possession to the corn in controversy. This conclusion, being the conclusion reached by the trial court, we shall not, as before said, discuss the methods by which that conclusion may have been reached by that court. The conclusion is correct. That is sufficient. The trustee did not refuse to act. But he, as testified by plaintiff, took possession of the balance of the corn not purchased by defendants, sold it as trustee and applied the proceeds thereof in accordance with the terms of the trust. The trustee, and not the beneficiary, should have brought this action.—*Richardson* v. *Means*, 22 Mo. 498; *Gibbons* v. *Gentry*, 20 Mo. 476; *Bergesch* v. *Keevill*, 19 Mo. 127; *Parker* v. *Rodes*, 79 Mo. 91.

For the reasons above given the judgment of the circuit court is affirmed. All concur.