WM. E. BURGE, Constable, ex rel. L. H. BABCOCK, Appellant, v. JAMES M. HUNTER et al., Respondents.

**Kansas City Court of Appeals, April 7, 1902.**

1. **Chattel Mortgages: DEFAULT: EXECUTION.** A mortgagor's equity after condition broken is not subject to seizure and sale under execution even though the mortgagor is in possession of the chattels.

2. ———: **POSSESSION: TRESPASS.** A mortgagee having the legal right to immediate possession thereof may maintain trespass though the chattels be in the manual possession of the mortgagor.

3. ———: **DAMAGES: BUYING IN: CHATTEL.** Although mortgaged chattels are seized and sold under execution the mortgagee can recover only nominal damages and his purchase at the execution sale does not better his title nor enhance his damages.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander,* Judge.

REVERSED AND REMANDED.

*Hicklin, Leopard & Hicklin* for appellant.

(1) Plaintiff being the grantee in a chattel mortgage, after condition broken, with a right to possession can maintain this action. State to use v. McKellop, 40 Mo. 184; State to use v. Koch, 47 Mo. 582. (2) Plaintiff was absolute owner of the property described in the chattel mortgage, after condition broken, subject only to the right to redeem in equity and could have maintained replevin for it. Bank v. Abernathy, 32 Mo. App. 211; Jackson v. Cunningham, 28 Mo. App. 355; White v. Quinlan, 30 Mo. App. 54. (3) Plaintiff had his choice of remedies, to sue the constable in

replevin or in trespass or to give him the statutory notice, thus waiving the other two remedies, provided an indemnifying bond is given. Palmer v. Shenkel, 50 Mo. App. 572. (4) In action of trespass, where no actual or substantial damages are shown, plaintiff is nevertheless, entitled to nominal damages. Jones v. Hannovan, 55 Mo. 462; Ross v. Machine Co., 24 Mo. App. 353.

*J. A. Selby* and *J. P. O. Givens* for respondents.

(1) A subsequently-acquired title by mortgagor in a chattel mortgage, will inure to the benefit of his mortgagee. Hickman v. Dill, 39 Mo. App. 246; Watkins v. Crenshaw & Hill, 59 Mo. App. 183. (2) When an execution is levied on the property of one who is a stranger to the writ, and he makes his statutory claim therefor, the giving of a sufficient bond of indemnity under the statute does not affect the rights of the claimant to the property itself as against the execution plaintiff or the purchaser of it under the execution. Hanson v. McKerrall, 57 Mo. App. 56. (3) Every presumption will be made by the appellate court in favor of the action of the trial court, in giving and refusing declarations of law. Stone v. Pennock, 31 Mo. App. 544. (4) Unless the appellate court shall believe that the trial court committed error against appellant materially affecting the merits of the action, it will not reverse. Sec. 865, R. S. 1899; Otto v. Bent, 48 Mo. 23; McGowan v. Ore & Steel Co., 109 Mo. 519; Williams v. Mitchell, 112 Mo. 300; Henry et al. v. Railroad, 113 Mo. 538; Comfort v. Ballingal, 134 Mo. 288. (5) The chattel mortgage given to secure the $130 note from Stewart to Babcock, gave Babcock no lien on the property therein described, for the reason that by means of it and the note he exacted and secured usurious interest on said indebtedness. Sec. 3710, R. S. 1899; Johnson v. Vette, 77 Mo. App. 563; Drennon v. Dalincourt, 56 Mo. App. 132. (6) A judg-

ment will not be reversed on the ground that plaintiffs were, on technical grounds, entitled to nominal damages.

SMITH, P. J.—One Stewart executed to the relator a promissory note, and a mortgage to secure the same, covering a horse. After the said note was past due the defendant obtained judgment before a justice of the peace against said Stewart and caused an execution to be issued thereon and levied on the horse. The relator made claim of ownership under oath and thereupon defendant Hunter entered into a bond, with the other defendant as surety, to indemnify the constable, who later on sold the horse at public sale. This action was brought on the said bond and resulted in judgment for defendant, and relator appealed.

The rule has been long and well settled in this State that a mortgagor's equity after condition broken, is not subject to seizure and sale under execution at the instance of a creditor. King v. Bailey, 8 Mo. 332; Yeldell v. Stemmons, 15 Mo. 444; Boyce's Admr. v. Smith's Admr., 16 Mo. 317; Sexton v. Monks, 16 Mo. 156; Rodgers v. Lidwell, 3 Mo. App. 600; State v. Carroll, 24 Mo. App. 358; Bank v. Metcalf, 29 Mo. App. 384; Hickman v. Dill, 32 Mo. App. 509; Hellman v. Pollock & Co., 47 Mo. App. 205. Though at the time of the levy the mortgagor was in possession of the property, yet, as the note given by the mortgagor was past due, the mortgagee was entitled then to the immediate possession; and, therefore, under the rule just referred to, the mortgagor had no interest therein that was subject to levy and sale under the execution.

Where a mortgagee is of right, as here entitled to demand and take possession at any time this right draws with it the possession; and the wrongdoer is a trespasser on him. Cooley on Torts, pp. 512, 520. And where the mortgagee has the legal title to the chattel and the right to its immediate pos-

session, he may maintain an action for an injury thereto while remaining in the visible manual possession of the mortgagor. Boone on Mort., secs. 258, 296; Cobbey on Chat. Mort., sec. 508; Myers v. Hale, 17 Mo. App. 204; Stevenson v. Robinson, 39 Mich. 160. It results therefore that the action was properly brought.

But even if this be so and the relator is entitled to recover, the question then arises: what ought to be the measure of that recovery? As no substantial damages were shown by the evidence to have been sustained by the relator by reason of the unauthorized interference of the constable with the property, his recovery should be restricted to nominal damages only. Sedgwick on Dam., secs. 98, 107, 565. His mortgage security was returned to the mortgagor without any deterioration in value. If he directly or indirectly purchased the property at the sale, he did an act which was not required to protect his interest in it. If the absolute owner of the property as he was (Robertson v. Campbell, 8 Mo. 616), then it is clear that his purchase gave him no better title than he already had. His purchase was futile.

The trial court was of the opinion, as appears from its action in refusing the plaintiff's instructions, that the evidence was insufficient to justify a consideration of the case upon the theory that the note and mortgage were usurious; and to this we agree.

We are unable to discover however, any theory upon which the defendant was entitled to recover. And the trial court has not, by any declaration of law given by it, indicated any such theory.

As we think that upon the undisputed evidence the relator was entitled to recover nominal damages, we shall reverse the judgment and remand the cause. All concur.