――――――o――――――

STATE OF MISSOURI, to use of ARMSTRONG BROTHERS, Respondent, *vs.* JOSEPH LANGDON, *et al.*, Appellants.

1. *Constable releasing attached property, liable on his bond, when—Measure of damages against constable, what.*—Where property is attached and judgment obtained before a justice, a constable who turns over the proceeds to a third party on mere notice of claim, without proof of title, becomes liable therefor on his bond. And the measure of damages will be the amount and value of the property wrongfully released. (See State to use, etc. v, Langdon, *ante* p. 350.) And where judgment is rendered, an inquiry of damages should be awarded to ascertain that fact.

The proper course of the claimant in the original suit is to interplead while the attachment is pending, and not afterward.

*Appeal from Buchanan Circuit Court.*

*A. H. Vories & T. A. Green*, for Appellants.

23—VOL. LVII.

State to use v. Langdon, et al.

I. The value of the property released by the constable was the measure of damages; and this matter should have been inquired into, and the damages assessed in the usual way, even if the court below was correct in sustaining the motion for judgment, notwithstanding the answer.

. The court, therefore, erred in giving final judgment as to the forfeiture of the bond, and the amount of relators damage at the same time; and in refusing defendants an inquiry and assessment of damages in the usual way. (Gen. Stat., 1865, pp. 604–607, §§ 5—7, 15—28.)

II. Under the facts set up in defendant's answer, viz: that the administrator had duly notified the constable in writing, according to law, that he claimed the property, and that the constable notified relators of the same, and demanded an indemnifying bond, and relators refused to give it, the officer had the right to release the property, and abandon the levy. (Gen. Stat., 1865; p. 719, § 12; Kel. Treat., p. 159—162; 35 Mo., 506.)

*W. H. Sherman*, for Respondent.

I. It was the constable's duty to execute the writ according to the command thereof, to make relator's debt out of the personal property attached. (Bradley vs. Holloway, 28 Mo., 150 ; 1 Wagn. Stat., 614, § 63; p. 615. § 66; Bacon vs: Cropsey, 7 N. Y., 199; Parmalee vs. Hitchcock, 12 Wend., 96 ; Dominick vs. Eacker, 3 Barb., 19 ; Crock. Sher., 380.)

II. The written notice of claim served on the constable did not contain any of the requirements of the statute which authorizes a constable, in certain cases, to demand an indemnifying bond from the execution creditors, before proceeding to sell the property levied on. (1 Wagn. Stat., p. 842. § 12; 192, § 52.) The notice must comply with the statute, else it is the duty of the officer to ignore it. (Bradley v. Holloway, 28 Mo., 150.)

III. If Hoyt had notice of the attachment proceedings, before judgment was rendered, it was his duty to interplead, failing to do which the judgment ought to be held to bar his claim.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced on an official bond as constable, against Langdon, as principal, and the other defendants as sureties. The breach assigned was; that Langdon failed to perform his duty in making the money on an execution placed in his hands for collection.

It is alleged in the petition that the plaintiffs in the suit were the plaintiffs in a certain proceeding by attachment before a justice of the peace; and that by virtue of process, the defendant as constable attached the personal property of the defendant therein, and had it in his possession; that judgment was duly given in the suit in favor of the plaintiffs, and that a special execution was issued and placed in the hands of the defendant, requiring him to make and satisfy the debt and costs; that in violation of his duty he released the property and returned the execution unsatisfied. There is also an averment in the petition that the property was amply sufficient to have paid the plaintiff's judgment together with the costs. The answer denied that the attached property was sufficient to satisfy plaintiff's judgment and costs; and then set up, as a further defense, facts which were deemed a justification in the defendant, in releasing the property without a sale, and returning the execution unsatisfied.

The court, on motion of the plaintiffs, gave judgment in their behalf, notwithstanding the answer; thus holding that it constituted no valid defense.

We think the facts stated in the answer to exonerate the defendant, from liability for his acts in releasing the property, were wholly insufficient, and could not be pleaded as a justification. The defendant gave up the property attached, upon the notice of an administrator, who did not show that he was entitled to its possession. Moreover, it was not within the province of the defendant to sit in judgment, or determine who was justly entitled to the legal possession. The property, after it was attached, was held by the defendant, and it was in the custody of the law by order of a court hav-

ing competent jurisdiction. Any person claiming title to the property should have come into the court where the attachment was pending and interposed an interpleader; but instead of pursuing this remedy the party lies still, and then addresses his notice to the defendant as constable. This he could not do, even if he had rights; though here we are satisfied that he had none. After the debt had ripened into a judgment it was the plain duty of the defendant to have obeyed the mandate of the court. It was no part of his duty to undertake to decide as to who had the better title to the property.

But there is another question presented, which must lead to a reversal. The petition avers that the attached property was sufficient to pay off plaintiff's judgment and costs. This is denied in the answer. Here there was an issue, the solution of which depended on evidence. But the court without any testimony whatever, in the face of the denial, rendered judgment for the plaintiffs for the full amount. The measure of damages in the case would be the injury sustained by the plaintiffs; and that would be determined by the amount and value of the property wrongfully released. (State to use of, etc. vs. Langdon, *ante* p. 350.)

When judgment was rendered on the bond, an inquiry of damages should have been awarded to ascertain the real injury. The sureties could certainly be held no further than this, for the default of the officer.

The judgment will be reversed and the cause remanded. Judges Napton and Adams concur. Judge Vories did not sit; Judge Sherwood absent.