J. M. McELFATRICK, Appellant, *v.* B. MACAULEY; D. S. FLETCHER, INTERPLEADER, Respondent.

### January 29, 1884.

ATTACHMENT — INTERPLEAS. — In an attachment proceeding against property in the hands of a third person who gives a forthcoming bond therefor, such person can not, after final judgment and a return of *nulla bona* on the execution, interplead and claim the property as his.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed and remanded.*

HERMANN & REYBURN, for the appellant : No notice to obligors of order, to deliver the check to the sheriff, was required. — 1 Rev. Stats., tit. "Attachment," sects. 421, 451, 452, pp. 66, 72 ; *Weed* v. *Dills,* 34 Mo. 483. The lien of the attachment survived the execution of the bond by Fletcher, and attached to the check in his hands. — Drake Attachment (5th ed.), ch. 13, sect. 331 ; *Evans* v. *King,* 7 Mo. 411 ; *Haber* v. *Klauberg,* 3 Mo. App. 342. Fletcher, by receiving the property and placing himself and the check outside the jurisdiction of the court, dispensed with the notice to him of motion for judgment, contemplated by sect. 452 of 1 Rev. Stats., p. 72. — Drake Attachment, sect. 332, ch. 13 ; *Driggs* v. *Harrington,* 2 Mont. 30 ; *Kirk* v. *Morris,* 40 Ala. 225.    Fletcher was estopped from alleging, in proceeding on the bond, ownership in himself of the check. — Drake Attachment, sects. 339, 340 ;

*Page* v. *Butler*, 15 Mo. 74 ; *Waterman* v. *Frank*, 21 Mo. 108 ; *Dorr* v. *Clark*, 7 Mich. 310 ; *Gray* v. *MacLean*, 17 Ill. 404 ; *Braley* v. *Clark*, 22 Ala. 361 ; *Cooper* v. *Peck*, 22 Ala. 406 ; *Morgan* v. *Furst*, 4 Mart. (U. S.) 116.

McKeighan & Jones, for the respondent : All the interlocutory orders made by the court below, as well as the final judgment in the case, were in the breast of the court, and it had power to vacate and set aside all, or any of them, until after the lapse of the term of the court, at which final judgment was rendered. —Freeman on Judgments, sect. 90 ; *Hill* v. *St. Louis*, 20 Mo. 584 ; *Harbor* v. *Pacific R. Co.*, 32 Mo. 423 ; *Dougherty* v. *President, etc.*, 53 Mo. 579 ; *Randolph* v. *Sloan*, 58 Mo. 155. The respondent had the right to interplead for his property, and is not now estopped from doing so. — *Page* v. *Butler*, 15 Mo. 73 ; Bigelow on Estop. 430.

Thompson, J., delivered the opinion of the court.

The substance of this matter, buried in motions and cross-motions, is that the plaintiff brought a suit by attachment against Macauley, and levied the same on a cashier's check for $815, in the hands of Fletcher. Fletcher gave a forthcoming bond with two sureties. The attachment suit proceeded to judgment against the defendant. Execution was returned *nulla bona*. On motion of the plaintiff, the court ordered the sheriff to assign the forthcoming bond to the plaintiff, which the sheriff accordingly did. Thereupon, on motion of the plaintiff, an order was made by the court upon Fletcher, the obligor in the bond, to deliver the check to the sheriff on a day named. This order was served on the sureties in the bond, but was returned " not found," as to Fletcher, the principal in the bond, and as to the defendant in the attachment suit. The order not having been obeyed, the plaintiff moved for judgment on the forthcoming bond. Notice of the motion was served on the sureties, but not upon Fletcher, the principal. The latter, however,

appeared by counsel, and filed a motion supported by affidavit, asking the court that he be allowed to deliver the certified check, or the amount of money for which it was drawn, into the hands of the sheriff, and that he thereafter be allowed to interplead for the same.  In this application he set forth that, at the time the forthcoming bond was given, it had been agreed between him, Fletcher, and the plaintiff, that he, Fletcher, should, under proper issues, litigate the question as to who was the true owner of said money and said check.  The court granted this motion. Fletcher filed his interplea, at the same time moving the court to set aside the submission of the motion for judgment on the forthcoming bond, and to refuse and deny said motion.  The plaintiff moved the court to set aside the order allowing Fletcher to interplead.  The plaintiff declining to answer the interplea, the court rendered judgment by default in favor of the interpleader ; and from this judgment the plaintiff has appealed.

We think that there was no authority in law for allowing Fletcher to interplead after the attachment suit had ended. It is true that the statute (Rev. Stats., sect. 449) does not in terms prescribe at what period a claimant of property which has been attached may interplead ; but it says that " he may interplead in the cause," and this clearly affords no authority for allowing him to interplead after the cause has ended. If the question were a new one, good reasons could be suggested for so holding.  The parties to the cause have gone hence.  In this case, although the plaintiff remained a moving party, asking the court for judgment on the forthcoming bond, yet the defendant Macauley, interested in the determination of the question whether the check belonged to him or to Fletcher, and also interested, as every debtor is, in having his property applied to the payment of his just debts, was not before the court, and was not a party to this proceeding upon the interplea of Fletcher, having never been notified.  A stronger reason concerns the rights

of the creditor.  After levying his attachment upon property which is apparently that of his debtor, the sheriff taking a bond for the forthcoming of the property when ordered by the court, he is entitled to consider his debt secure, and to relax his efforts.  If his debtor have other property, he may get it beyond the reach of process; and if, after the attachment suit has entirely ended, the principal in the forthcoming bond can come into court and say, " Although I gave bond for the forthcoming of this property when ordered by the court, and although I stood by and allowed the attachment suit to ripen into judgment, and allowed an execution to issue and be returned *nulla bona*, and allowed an order to be made requiring me to return the property according to the condition of the forthcoming bond; yet I am, nevertheless, entitled now to assert for the first time, that it was and is my property, and not subject to the attachment;" — if this can be done, a great wrong may be perpetrated upon an attaching creditor under the sanction of legal forms.  But the authorties are to the effect this can not be done.  " Any person," says Wagner, J., " claiming title to the property, should have come into court where the attachment was pending and interposed an interpleader; but instead of pursuing this remedy, the party lies still, and then addresses his notice to the defendant as constable.  This he could not do, even if he had rights."  *The State to use* v. *Langdon*, 57 Mo. 353, 356.  In another case, it was held too late, after judgement rendered and appeal prayed for and allowed, in an attachment suit, to make an order allowing a claiment to interplead *nunc pro tunc.*  *Ladd* v. *Couzins*, 35 Mo. 513.  This was in conformity with what the supreme court had previously held in the case of delivery bonds given where property had been levied upon under execution.  The obligor in such a bond could not wait until it had been forfeited, and until a motion had been filed for judgment thereon, and then set up his title to the property for the delivery of which the bond had

been given. "Such a course," said Scott, J., "is an injury to the creditor. It arrests an execution for months, as in this case, by interposing a security on which he relies; and after all other property of the debtor may have been disposed of or made way with, or it is too late for another levy and sale, it takes away the means to which he looked for satisfaction of his debt; and that, too, by one who had bound himself that those means should be forthcoming for the payment of his demand. The determination of this case is based upon the principle, recognized in the courts of many of our sister states, that when goods, seized under execution, are delivered to a third person, on his giving a receipt, promising to redeliver them on a given day, and the receiptor refuses to comply with his promise, claiming that the goods, at the time of the levy and receipt, were his own, he is estopped from setting up title in himself, in an action on his undertaking." *Page* v. *Butler*, 15 Mo. 73, 76. In a subsequent case, our supreme court held that, in a suit upon such a bond, the defendants will not be permitted to show, even in mitigation of damages, that the property belonged to them, and hence that no injury was sustained by their failure to deliver it in pursuance of the condition of the bond. *Waterman* v. *Frank*, 21 Mo. 108. The reason of this rule applies with equal force to the case of a delivery bond given in a proceeding by attachment. The plaintiff, having relied upon the sufficiency of this levy as a security for his debt, and Fletcher having, by the execution of this bond, agreed that the check should be surrendered for this purpose when ordered by the court, can not, after waiting until the attachment suit is ended and an execution has been returned *nulla bona*, come forward and assert his right to this fund, which assertion, if successful, will leave the plaintiff remediless. The plaintiff was, therefore, not bound to answer the interplea of Fletcher, or to litigate with him the right to the check as therein set up. The rulings of the court in allowing Fletcher to interplead,

in setting aside the motion for judgment on the forthcoming bond, and in giving judgment in favor of Fletcher on his interplea, were erroneous.

The judgment is accordingly reversed and the cause remanded. All the judges concur.