Huels v. Boettger.

PAULINE HUELS *et al.*, Respondents, v. CHARLES BOETTGER *et al.*, Appellants.

St. Louis Court of Appeals, April 1, 1890.

1. **Fraudulent Conveyances:** DELIVERY OF GOODS SOLD. If the acts of a purchaser of a stock of merchandise in taking and keeping possession of the property sold are open, notorious and visible, and such as to clearly and unequivocally indicate a complete delivery, his failure to take all the means having a tendency to impart notice of the sale will not invalidate the sale as to the creditors of the vendor. And *held*, in the case at bar, that a sale was not invalid as to the vendor's creditors, because the vendee failed to remove a curtain having the vendor's name on it, when his acts were otherwise sufficient to constitute an open and notorious change of possession.

2. **Estoppel.** When the owner of property, levied upon under a writ of attachment against a third person, is in the possession thereof at the time of the levy, and furthermore verbally notifies the attaching officer of his title, neither his giving a forthcoming bond and afterwards surrendering the property upon the order of the court issuing the writ, nor his failure to make a claim in writing for the property, will estop him from claiming the property after such surrender.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Wm. S. Bodley*, for the appellants.

1  The plaintiffs, having made, executed and delivered to the constable a forthcoming bond, when the property was levied on, as the property of J. H. Bueter, are estopped from claiming said property as their own in any proceeding. *McElfatrick v. Macauley*, 15 Mo. App. 102. ( 2 ) Plaintiffs, having given a forthcoming bond and not filing any written claim, duly sworn to according to law, with the officer, when the property was levied on, as the property of another, cannot be allowed to claim thereafter such property in any proceeding. *Mfg. Co. v. Bean*, 20 Mo. App. 111; *Mansur v. Hill*, 22 Mo. App. 372. ( 3 ) The sale from J. H. Bueter to plaintiffs was fraudulent in law, as to existing creditors and purchasers for value under section 2505, Revised Statutes, 1879. *Wright v. McCormick*, 67 Mo. 426, and cases there cited ; followed in cases *Mills v. Thompson*, 72 Mo. 367 ; *State v. Cooper*, 79 Mo. 466 ; *Stewart v. Bergstrom*, 79 Mo. 525 ; *Franklin v. Gummersell*, 9 Mo. App. 90 ; *State v. Donnelly*, 9 Mo. App. 527; *Stern v. Henley*, 68 Mo. 262 ; *State to use v. Hellman*, 20 Mo. 304. The facts in cases of *Knoop v. Dist. Co.*, 26 Mo. App. 311, and *Leeser v. Boekhoff*, 33 Mo. App. 233, do not apply here.

*Lubke & Muench*, for the respondents

The sale in question was valid in law, and the change of possession sufficient under the statute. *Knoop v. Distilling Co.*, 26 Mo. App. 311 ; *Leeser v. Boekhoff*, 33 Mo. App. 223. Defendants are equally technical in

their second contention, wherein they rely upon an alleged estoppel. It is not claimed here that the defendants were in the least misled by anything which was said or done by plaintiff. On the contrary, they admit that from the first they were notified of plaintiff's ownership and that a vigorous protest against the taking of her property was entered by her whenever she came in contact with the defendants or their claim. Some very general language in the case of *McElfatrick v. Macauley*, 15 Mo. App. 102, is relied upon to sustain their technical claim, and at the same time it is admitted that the later cases of *Mfg. Co. v. Bean*, 20 Mo. App. 111, and *Mansur v. Hill*, 22 Mo. App. 372, modify the language in the former decision, so as to discharge this case from the rule invoked in the *McElfatrick case*.

BIGGS, J., delivered the opinion of the court.

This is an action of replevin in which the ownership of a stock of groceries is involved. Pauline Huels claimed to have purchased the goods from one J. H. Bueter, and the defendant Charles Boettger claimed the right to retain them by virtue of a levy made by him as constable under a writ of attachment, in which his codefendants were plaintiffs and J. H. Bueter was the defendant. The case was submitted to the court on an agreed statement of facts; a judgment was entered for the plaintiffs, and the defendants have appealed.

It appears from the agreed statement of facts that on the sixth day of March, 1889, Pauline Huels purchased the goods in controversy from J. H. Bueter. She also purchased the fixtures belonging to, and used by, Bueter in conducting the business, together with a horse and delivery wagon. Mrs. Huels paid one thousand dollars for this property, and the defendants conceded that the purchase was made in good faith, but they contend that there was not such a delivery of the

possession, prior to the date of the attachment, as the statute requires. On this subject, the parties agree that an invoice of the goods was taken at the time of the purchase ; that, on the day after the purchase, Mrs. Huels and her son took the entire management and control of the goods sold ; that Bueter left the premises and had nothing further, either directly or indirectly, to do with' the business ; that a new lease of the premises was immediately taken in Mrs. Huels' name ; that, under the direction and management of the plaintiffs, various improvements and changes were made in and about the store room ; that Mrs. Huels had purchased new goods of the value of eight hundred dollars, and had erased the name of Bueter from the delivery wagon, substituting her own in the place of it. On the other hand, it was admitted that the goods were, on the eighteenth day of March, 1889, seized by the defendant Boettger, under the writ of attachment, and that the plaintiffs had permitted a curtain to remain in one of the windows of the store with the words "J. H. Bueter, Fancy and Staple Groceries," printed thereon.

It was also agreed that, at the time of the levy, the plaintiffs were in the actual possession of the goods ; that they protested against the levy, and claimed that the property had been purchased by Mrs. Huels. Notwithstanding this the levy was made, and Mrs. Huels gave a forthcoming bond to the constable. The attachment proceedings were sustained and judgment entered against Bueter. The plaintiffs were ordered by the justice to deliver the property to the constable ; thereupon the plaintiffs brought this action under the statute relating to the claim and delivery of personal property.

The defendants challenge the validity of the judgment on three grounds: *First.* The purchase by plaintiffs from Bueter was, as to the creditors of Bueter, fraudulent and void. *Second.* By giving the forthcoming bond, the plaintiffs are estopped from denying

that the attached property belonged to J. H. Bueter. *Third.* The plaintiffs, having failed to make a written claim to the property at the time of the levy, cannot now assert Mrs. Huels' title under the purchase.

I. The validity of the sale is questioned on the ground that there was not such a delivery of the possession of the goods as is required by the statute. This question has so often been the subject of judicial investigation that it is useless for us to quote the statute, or enter into a general discussion of its proper interpretation. We are of the opinion that the construction placed upon it by WAGNER, J., in *Claflin v. Rosenberg*, 42 Mo. 439, was a reasonable interpretation of its meaning, and that some of the subsequent decisions have had a tendency to mystify, rather than to throw additional light on, the meaning of the statute and its practical application. In the case cited the court made use of the following language: "There must be a complete change of the dominion and control over the property, and some act which will operate as a divesture of title and possession from the vendor, and a transference into the vendee. This necessarily excludes the idea of a joint or concurrent possession. It may not be essential or indispensable that the goods should be moved into a new or different house; but there must be some open, notorious or visible act, clearly and unequivocally indicative of delivery and possession, such as taking an invoice, putting up a new sign, or any other reasonable means which would impart notice to a prudent man that a change had taken place." When we apply the foregoing rules of construction to the conceded facts in this case, we must hold that the delivery of the possession of the goods to Mrs. Huels by Bueter was sufficient to satisfy the statute. There was an entire change in the management of the business; Bueter left the premises and had no further control of the goods; the store room was changed in many particulars; Mrs. Huels

purchased additional goods of the value of eight hundred dollars; the name on the delivery wagon was erased, and that of Mrs. Huels substituted, and there was nothing left to indicate that Bueter had ever owned the store, except his name on a curtain which Mrs. Huels had neglected to take down. The means adopted by Mrs. Huels and Bueter to accomplish a complete and permanent change of possession of the store were certainly sufficient to impart notice of that fact to the community and to persons having dealings at the store. Such a result satisfies the statute. In other words, it is not necessary for a purchaser to take all the means which would have a tendency to impart notice, but some open, notorious, and visible act or acts clearly and unequivocally indicating a complete delivery will sustain the finding of a trial court in favor of the sufficiency of the delivery. In the case at bar the agreed statement shows several such acts, and, in fact, everything indicated a complete and absolute change of possession and ownership, except the sign on the curtain. We will not disturb the finding of the circuit court on this fact al one, and thus deprive Mrs. Huels of the benefit of her purchase, which, in other respects, was indisputably valid and in good faith.

II. The defendants' second and third objections may be considered together. In both the doctrine of estoppel is invoked. In the first place the defendants insist that the fact that the plaintiffs gave a forthcoming bond is sufficient to estop them from asserting title to the goods. There is no warrant in law for such a doctrine. There can be no estoppel on account of the bond, unless it contains recitals tending to show that the property seized was admitted by the plaintiffs to be the property of Bueter. If such were the case, then the plaintiffs would be estopped by the terms of their bond. But there is nothing in the bond that can be tortured into such an admission; therefore, the question of

estoppel on account of the bond is eliminated from the case.

Lastly it is urged that a failure by plaintiffs to make a written claim to the property at the time of the levy ought to estop Mrs. Huels from denying Bueter's ownership of the goods at the time of the seizure. It is conceded that Mrs. Huels protested against the levy, and verbally notified the constable that the goods belonged to her and that Bueter had no interest in them ; but it is urged that this was not sufficient, and that, under such circumstances, the plaintiffs ought to have filed with the constable a written claim, and, having failed to do so, they ought now to be estopped from asserting such claim. In support of this position the defendants rely on the case of *McElfatrick v. Macauley*, 15 Mo. App. 102, In that case a cashier's check was levied on in the hands of Fletcher, the interpleader, as the property of Macauley, the defendant in the attachment. Fletcher, without making any claim to the check at the time of the levy, gave a forthcoming bond, and, after the attachment had been sustained and judgment rendered against Macauley, and an execution returned *nulla bona*, he delivered the check into court and sought to enforce his claim to it by an interplea. The court held that he would not be permitted to assert a claim to the check, and the main reason for the ruling is to be found in the following paragraph of the opinion : "After levying his attachment upon property which is *apparently* that of his debtor, the sheriff taking a bond for the forthcoming of the property when ordered by the court, he (plaintiff) is entitled to consider his debt secure, and to relax his efforts. If his debtor have other property, he may get it beyond the reach of process ; and if, after the attachment suit was entirely ended, the principal in the forthcoming bond can come into court and say : Although I gave bond for the forthcoming of this property when ordered by the court, and

although I stood by and allowed the attachment suit to ripen into judgment, and allowed an execution to issue and be returned *nulla bona*, and allowed an order to be made requiring me to return the property according to the condition of the forthcoming bond; yet I am, nevertheless, entitled now to assert for the *first time*, that it was and is my property, and not subject to the attachment; if this can be done, a great wrong may be perpetrated upon an attaching creditor under the sanction of legal forms." The statement of the foregoing facts readily suggests reasonable grounds for an estoppel *in pais*, but the facts in the case under consideration are essentially different. In the *McElfatrick case*, the court said that *apparently* the check was the property of Macauley, the defendant in the attachment; and from this we have the right to conclude that the check was drawn in his favor, although this is not stated as a fact in the opinion. In the present case plaintiffs were in the actual possession of the property at the time of the levy, and, therefore, they were *prima facie* the true owners. They did nothing to create an estoppel; they asserted title in Mrs. Heuls before, and at the time of, the levy. Under such circumstances how can it be maintained that the plaintiffs in the attachment were lulled into security, and ceased their efforts to find other property belonging to Bueter on account of anything said or done by the plaintiffs, or either of them? The evidence in this case does not establish a single element of an estoppel *in pais* against the plaintiffs, and we will, therefore, rule this assignment likewise against the defendants. *Bradley-Hubbard Mfg. Co. v. Bean*, 20 Mo. App. 111; *Mansur v. Hill*, 22 Mo. App. 372.

As we find no error in the record the judgment of the circuit court will be affirmed. All the judges concur.