* Curia, per Savage, Ch. J.
It does not appear that J, Chase ever owned the tan yard. He. made a conditional agreement to purchase; but, upon what, conditions,. and whether those conditions were ever performed, does, not appear. It, is. presumed they were not, as the purchase money was never paid, and Chase afterwards abandoned the premises. He must, therefore, be considered as a .tenant to Cook, either from year to ypar, or at will; he was the owner of the heater, but, not of the land; and,.admitting it to have been a fixture, it remained personal property/ But it was not so attached to the freehold, as to make it a part of the realty, .even if the person who placed it there had owned the tannery. (Miller v. Plumb, 6 Cowen, 665; Cresson v. Stout, 17 John. 116.)
According to the case of Heermance v. Vernoy, (6 John. 5,) Cook was interested, as warranting the title of the heater to the plaintiff, if he sold it to him as personal property. But if the plaintiff’s claim upon it is, simply, on the ground of its being appurtenant to the tan yard, Cook was not liable therefor, by reason of his conveyance, unless there was an actual warranty ?
Was Cook interested; then, in the mode" suggested by the judge T -Clearly not, unless the heater was attached to. the freehold, and"passed with it.(a) If it was a part of 'the *321 realty which he had conveyed, and upon which he had a lien for the purchase money, a court of equity would probably compel the plaintiff to assign over the recovery to Cook, whose lien was diminished by a part of the property being carried off; provided the premises were. thereby rendered insufficient to pay the demand. In this case, however, it does not appear that Cook was *nofc amply secured by his lien on the residue. That should have been shown, to bring the case within the rule laid down at the circuit. But as the heater, upon the evidence given, was clearly personal property, Cook’s lien could not be affected. He was, therefore, a competent witness; and, on that ground, the nonsuit should be set aside, and a new trial granted.
Buie accordingly.

 The facts, on this point, as they appeared before the supreme - court, are materially variant from those on which the witness was rejected at the trial. At the circuit, it appeared that the plaintiff had only Cook’s agreement for a conveyance, on payment of the purchase money at a future day. He claimed the heater as part of'the real- property-of which he was in possession-under tlie agreement. The judge decided,- that the-purchase money-being unpaid„and.tiie title remaining.in Cook, a recovery for. an.injury to the. *321 freehold, would, in equity, belong to him, if the purchase money should not bo paid; and, therefore, he had a direct interest in establishing the right to recover.