Lacey, Trustee, v. Giboney.

A. T. LACEY, TRUSTEE OF J. R, WATHEN, Respondent, *v.*
ANDREW GIBONEY, Appellant.

1. *Mortgage—Deed of Trust—Title.*—After the maturity of the debt secured
by a mortgage or deed of trust of personal property, the mortgagee or
trustee has the legal title and the right to recover possession. Although the
trustee may have advertised and sold the property, he may sue for the pos-
session, so that he may deliver the property sold to the purchaser.

2. *Fixtures.*—As between vendor and vendee, machinery does not pass with
the freehold; and as between landlord and tenant, the tenant may remove
any improvement he may make, before he surrenders the premises, provi-
ded it can be removed without injury to the freehold.

*Appeal from Cape Girardeau Circuit Court.*

*Krum & Decker,* for appellant.

*Glover & Shepley,* for respondent.

I. The action was rightly brought in the name of the
plaintiff, and the evidence supported the claim of ownership.
The attempted sale, when no money passed, no memoran-
dum of sale was given, and no delivery of property, and when
the conditions of sale were not complied with, passed no title
out of Lacey.

II. The machinery being placed in and upon said prem-
ises leased by the tenant, can be removed by him and are
not fixtures; for, 1. Any construction put up by the ten-
ant for manufacturing purposes, no matter how securely it
may have been united to the freehold, can be removed by the
tenant. This is the case of a building constructed for that
purpose. (Powell v. McAshan, 28 Mo. 70.) And even in
the case of grantor and grantee, articles attached to the free-
hold more strongly than the machinery, were held not to be
fixtures. (Hunt v. Mullanphy, 1 Mo. 508.) 2. But in this
case it is not necessary to go to any such extent; the case
here bringing it clearly within that class about which the
decisions have for years been clear and uniform. The ma-
chinery bin was simply bolted down to timbers, and could

be removed without injury to the freehold. (Turner v. Johnson, 7 Mo. 43 ; Finney v. Watkins, 13 Mo. 209.)

LOVELACE, Judge, delivered the opinion of the court.

This was an action commenced in the Circuit Court of Cape Girardeau county, to recover specific personal property consisting of a steam engine, boiler and machinery necessary for running a chair factory, and also a corn mill, with its machinery attached to said engine. The petition of the plaintiff sets out that he is the owner and entitled to the possession of the property in question, which he alleges is of the value of seventeen hundred dollars ; and that the defendant wrongfully withholds and detains the same from the plaintiff to his damage, &c.

The answer of the defendant denies that the plaintiff is the owner of the property, or entitled to the possession thereof, or that he wrongfully detains the same from the plaintiff, and denies damages, &c.

On the trial the plaintiff, to support his case, offered in evidence a deed of trust in the nature of a mortgage from one John M. Cleely, to secure the payment of certain liabilities which Cleely owed to Ignatius R. Wathen. Some of these liabilities consisted of notes which Cleely had executed with Wathen as security. It was an ordinary deed of trust to secure the payment of money ; providing the manner in which the trustee should proceed to sell the property in case default was made in the payment of the money intended to be secured. But as no question arises upon the construction of the deed, it is unnecessary to set out its provisions more particularly.

The plaintiff also introduced evidence showing that he had attempted to sell the property under the deed, and that the sale was forbidden by the agent of the defendant; and although the sale continued, and the property was bid off by various persons, it does not appear that the property was ever delivered or any money paid. The plaintiff also proved that the property was owned by Cleely at the time of exe-

cuting the deed, and that it was used by him in carrying on a chair factory; that he had it put up in a house which he had leased from the defendant; that Cleely held the possession of the house of defendant under his lease, and the property in dispute, until about the time or a short time before the attempted sale by the trustee, about which time, at the request of the agent of defendant, he had given up the key of the house in which the machinery was kept to said agents. The case was submitted to the court, sitting as a jury, and a judgment rendered for the plaintiff, to reverse which an appeal is taken to this court.

I. It is difficult for the record, in this case, to tell exactly what specific ruling of the court below is complained of. It is contended here, however, that the plaintiff failed to show any title in himself, or any right to the possession of the property sued for. The parties, however, have not taken the trouble to point out to the court exactly what this defect consists in. They do say something about there being no forfeiture in the deed of trust. But the deed itself sufficiently proves a forfeiture; for several of the notes secured by the deed were payable to Wathen, the *cestui que trust* in the deed, and were past due. And in Walcop v. McKinney's heirs (10 Mo. 229) it was held that a mortgagee of real estate, after the day of payment stipulated in the mortgage deed, became the legal owner of the mortgaged property, and might maintain ejectment. And in Robison v. Campbell (8 Mo. 365, 615) it was held that the mortgagee of personal property, after the day of payment had passed, became the absolute owner of the property; and these decisions were made against the mortgagor or persons claiming under him. The rule is, that a mortgage is forfeited and the legal title vests in the mortgagee so soon as default is made in the payment of the money intended to be secured by it. In this case the plaintiff was interposed by the deed itself, for the purpose of holding the title to the property, and disposing of it for the payment of the debt intended to be secured by it; and that debt was then due, and he clearly had the

right under his deed to take the property into possession so that he might give possession to those to whom he might sell.

II. And this brings us to consider the second reason hinted at by the defendant why the plaintiff had no title; that he had parted with it at the sale above referred to. It is the duty of an agent or trustee in a sale of this kind, not only to have the property bid off, but to deliver it to the purchasers, and the sale is not completed until the property is delivered; and if, from any cause, the person making the sale should be unable to deliver the property and put the purchaser in possession, the act of bidding it off could not amount to a sale; and that seems to have been the case here. Though the property was bid off, it was never delivered, nor was any ever paid. But even if the sale was binding on the parties, and would operate to pass title to the property, still the trustee is the legal custodian, and is entitled to the possession of the property until he delivers it over to the proper owners, and, as a mere bailee holding it for the use of the legal owners, he might maintain an action for the possession against a mere stranger. (Sto. on Bailm. 422.) So, whether it were a sale or not, the trustee might maintain the action in his own name; for if it were not a sale, the trustee is still the legal owner and may maintain the action under the first averment in his petition; and if there was a sale, then he is still entitled to the possession as against a stranger, for the purpose of delivering the possession over to the purchasers, and might maintain the action under the second averment in the petition.

III. But some importance seems to be attached to the fact that the boiler was enclosed by a brick wall; that the engine was bolted to timbers planted in the ground, and that much of the machinery was fastened in some way to the ground or to the house. Unless the object of the defendant is to claim, by these circumstances, that this property is a part of the freehold and therefore belonged to him, we do not understand what figure they are to cut in this case; and if that is the object of this evidence, then it is without any author-

ity to support it ; for the rule, even between vendor and ven-
dee, where it is construed strongest in favor of the freehold,
is, that machinery does not pass with the freehold (1 Wash.
on Real Prop. 7) ; and as between landlord and tenant, the
rule has generally been laid down in the late cases, that the
tenant may remove any improvement he makes at any time
before he surrenders up the premises, provided it can be re-
moved without injury to the freehold. (1 Wash. on Real
Prop. 6 ; Raymond v. White, 7 Cow. 319 ; Phillips v. Mul-
lanphy, 1 Mo. 442 ; Powell v. McAshan, 28 Mo. 70.)

There was no valid objection to the plaintiff's title as made
out in the court below ; and this leaves but one other objec-
tion that the defendant presents to this court in a way in
which it can be reviewed. One witness made some state-
ments in regard to the lease from the defendant to Cleely,
which lease it appeared was in writing. After the witness
stated that the lease was in writing, the defendant objected
to his testifying further concerning it, and the objection was
overruled ; but it does not appear that the witness did say
anything further concerning it, and the defendant afterwards
introduced the written lease himself. So it does not appear
how any possible injury could have resulted to the defendant
by this abstract ruling of the court.

The other judges concurring, the judgment is affirmed.