JAMES PACE, Respondent, *v.* WILLIAM B. PIERCE, Appellant.

1. *Deed of trust — Chattel — Sale — Trover.* — A trustee in a chattel deed of trust has a right to the possession of the property even after sale for the purpose of delivering it to the purchaser. And in case possession is withheld, the trustee may sue in replevin, or, so far as defendant is concerned, in damages for conversion of the property.

*Appeal from Linn Court of Common Pleas.*

*A. W. Mullins,* for appellant.

I. The trustee received at the sale a sufficient amount to pay off the debt. He advertised and sold the property and executed a written conveyance thereof to the purchaser, strictly in accordance with the terms of the deed of trust. That sale and conveyance passed to the purchaser whatever title was held by the plaintiff as trustee to said property. No actual delivery of the property by the trustee to the purchaser was necessary, nor is that question material in this case. (Hill. Sales, 98, § 12 ; Ridgway v. Bowman, 7 Cush. 268, 272; Gibson v. Stevens, 8 How. U. S. 384, 400 ; Stewart v. Spedden, 5 Md. 433, 448 ; 7 Gill & J., Md., 407, 418.) But even if there had been no deed of writing, yet from the nature and situation of the property, an actual handling from one to another being impossible, no delivery of possession was necessary to transfer the plaintiff's title to the purchaser. (Hill. Sales, 89, § 5.) By the extinguishment of the debt secured by the deed of trust the powers of the trustee were at an end. (Charter v. Stevens, 3 Denio, 33 ; 1 Hill. Mortg. 480.)

II. The trustee had no interest whatever in the subject-matter of the action. (Wagn. Stat. 999, § 2.) The case of Lacy, Trustee, v. Gibony, 36 Mo. 320, relied on by counsel for plaintiff, is not an authority in point in this case. In that case the purchaser did not pay his bid, nor did the trustee execute to him a deed or other writing to convey the property, nor was the debt paid off or the deed of trust satisfied.

*Burgess & Mansur,* for respondent.

Personal property could not be conveyed by deed unless accompanied by a delivery ; besides, Pace being trustee, was the proper person to prosecute the suit. (Lacy v. Gibony, 36 Mo. 320.)

BLISS, Judge, delivered the opinion of the court.

Stephenson & Prince purchased of the administratrix of G. H. Schricklin a certain steam mill as personal property, and executed to the plaintiff a trust deed to secure a part of the purchase-

money, for which two $1,000 notes were given. These notes maturing, the trustee advertised and sold the property to one C. C. Stephenson for $2,442, a part of which was paid, and notes with security were given for the balance. But the defendants had in the meantime obtained possession and refused to give it up; wherefore the plaintiff brought suit, alleging his right of possession and claiming damages for the conversion of the property. He recovered a judgment for $2,875, and defendants appealed.

The question presented is whether the plaintiff has any such interest in the property as to entitle him to bring this suit. It is decided in Lacy v. Gibony, 36 Mo. 320, that the trustee in a deed of trust of personal property to secure a debt, has, after the maturity of the debt, a right to the possession of the property, and that this right continues after he has sold the same, for the purpose of enabling him to deliver possession to the purchaser. The decision is based upon the fact that in the sale of personal property delivery is a material part of the transaction; that it is the duty of the trustee to give possession, and the sale is not complete without it. If, as is settled by that case, he can bring suit for possession, is he the proper party to sue for damages for the conversion of the property? Defendants claim that inasmuch as the purchaser has paid part of the purchase-money and given his notes for the balance, he alone had a right to sue. If the sale was so complete that the purchaser was bound by it, and could not look to the plaintiff for anything further, this position might be correct; but if delivery is necessary to complete the sale, then the purchaser may repudiate it without such delivery, and recover back his money or look to the vendor for damages. An interest then remains in the vendor; and if, as we have seen, he may bring his action for the possession, why not for damages? Ordinarily, when replevin will lie, trover will also lie. A wrongful conversion will authorize either action, and in case the property cannot be reached, the latter is the only remedy. Had this been property that could be spirited away or materially injured, the trustee might be left without the power of protecting the beneficiary, unless the remedy pursued were left open to him. Hence

the owner in trust of personal property, entitled to possession, should be entitled to either remedy.

The beneficiary or the purchaser at the trustee's sale may complain of the course pursued, but the defendants certainly cannot. They are wrong-doers, and their refusal to give up the property to the rightful owner has justly subjected them to damages for their wrongful act. The judgment vests the property in them, and they have no interest in any controversy or adjustment between the trustee and others.

Judgment affirmed.    Judge Wagner concurs.    Judge Adams absent.