D. W. Mansur, Respondent, v. C. C. Hill, Defendant;
A. J. Hill, Interpleader, Appellant.

Kansas City Court of Appeals, May 24, 1886.

1. Practice—Action for Personal Property.—Viewing the inter-
plea as an action of replevin, in this case, it is no bar to the inter-
pleader's right of action, to recover possession of personal property,
delivered to him upon giving bond, etc., that the interpleader has
sold and transferred the property since the giving of the bond to
prevent its being taken for the debt of another person.

2. Action—Right of—Ownership—Power of Vendor to Sue, Not-
withstanding Sale—Case Adjudged.—Where a part of the pur-
chase money has been paid and notes given for the balance. the
vendor may yet maintain an action for possession in order that he
may deliver the property to the vendee. So long as the sale is so
far incomplete that the purchaser may look to the seller for further
action, so as to perfect the sale, the seller has sufficient interest to
maintain an action for possession. In this case, the sale was not
complete at the time of the levy (and giving of forthcoming bond
by the interpleader), as there had been no delivery of the property
previously sold.

8. Estoppel—Claim of Property—Effect of Giving Forthcoming
Bond—Case Adjudged.—Where the interpleader notified the sheriff
that the property did not belong to the defendant in the attach-
ment suit, but that it belonged to interpleader, and protested
against the levy, and made claim of the property to the sheriff, in
the manner provided by law; this creates no estoppel, as against
the interpleader, to maintain his right to the property under the
interplea. *Bradley Hubbard Mfg. Co. v. Bean*, 20 Mo. App. 111.

Appeal from Carroll Circuit Court, Hon. L. K.
Kinsey, Special Judge.

*Reversed and remanded.*

The case is stated in the opinion.

J. W. Sebree and Hale & Sons, for the appellant.
I. The evidence shows that, at the time of the levy,

the interpleader told the sheriff that the property levied on was his own and not the property of defendant in attachment. In such case the sheriff had no right to exact of interpleader a forthcoming bond under section 421, Revised Statutes. Neither the illegal act of the sheriff nor the ignorance of the interpleader of his rights should estop him from claiming the property. *Sanders v. Ohlhausen*, 51 Mo. 164; *Burgert v. Borchert*, 59 Mo. 85.

II. The evidence shows that the landlord had a lien on the corn in question for rent, and the interpleader, in this case, owed to the landlord the duty to preserve the property, and to show that it was not subject to attachment. 51 Mo. 164, *supra*. The evidence also shows that, prior to the levy of the attachment, interpleader had made a binding contract of sale of the corn in question, and that he afterwards complied with his contract and delivered the corn; but this does not preclude him from asserting title to the property for the purposes of the interplea, because he was liable on *his contract* for any failure to deliver the corn in pursuance of the sale.

III. The instructions asked for the interpleader were improperly refused, and those given to plaintiff were improperly given. *Donahoe v. McAleer*, 37 Mo. 312; *Smith v. Lydick*, 42 Mo. 209; *Summers v. Austin*, 36 Mo. 308. After the refusal of the instructions asked by interpleader, and the giving of instructions asked by plaintiff, it was manifest that interpleader could not recover; hence, the non-suit with leave was properly taken. *State ex rel. v. Gaddy*, 83 Mo. 138; *Chiles v. Wallace*, 83 Mo. 84. The court erred in refusing the instruction asked by interpleader to the effect that interpleader was not estopped from claiming title to the property by executing the forthcoming bond. *Bradley Hubbard Mfg. Co. Bean*, 20 Mo. App. 111.

James F. Graham and L. H. Waters, for the respondent.

I. The interpleader claimed that he was the owner of the property levied upon, *at the time of filing* his interplea. The court properly instructed the jury that the burden of proof was on him to show to the jury, by a preponderance of the evidence, that the property was his and if he had, prior to the levy, sold it to be delivered, and had afterwards delivered it accordingly; then, as to the property sold and delivered, the interpleader could not recover. The evidence warranted the instruction.

II. The court properly refused the instructions asked by interpleader. The validity of the forthcoming bond did not depend upon the rightfulness of the levy as claimed by the *second* instruction. The interpleader had no interest in the property sold at the time of the levy and the *third* instruction should not have been given.

III. The non-suit was improperly taken. He could have recovered, if not estopped by the forthcoming bond, for the property not sold. *Chiles v. Wallace*, 83 Mo. 84.

IV. The judgment *on the facts* was right. He was *estopped* from claiming the property after having given the forthcoming bond. *Dickson v. Anderson*, 9 Mo. 155 ; *Page v. Butler*, 15 Mo. 76.

V. The only notice given to the sheriff was that the corn had been sold. Interpleader made no such claim as brings this case within the rule laid down by this court in *Bradley Hubbard Mfg. Co. v. Bean ; Scott, Interpleader* (20 Mo. App. 111).

VI. Judgment was for the right party and should not be disturbed.

Ellison, J.—It appears from the testimony in the cause that interpleader was in possession of the property

now claimed by him, at the time of the levy of the attachment, and that, upon its seizure, he notified the sheriff of his ownership. The sheriff, persisting in his levy, interpleader executed a forthcoming bond with the statutory conditions. It further appears from the testimony that interpleader had theretofore contracted the corn to one Standley, who had paid him ten dollars thereon. That the corn was to be gathered and delivered to Standley on his farm in pens and to stand twenty days before being measured. The corn was delivered to Standley and he sold it to one Zimmerman. That Standley's contract was about ten days before the levy and that the delivery thereunder was about twenty days after the levy. Standley also notified the sheriff of his contract of purchase. The plaintiff in the attachment suit, by his answer to the interplea, pleaded the delivery, or forthcoming bond as an estoppel and the court refusing to declare in an instruction that it was not an estoppel and giving instructions which would prevent a recovery by interpleader, he took a non-suit with leave. His motion to set it aside being overruled, he appeals.

The respondent contends that the judgment should not be disturbed, for the reason that the interpleader, having sold the property, he has not such an interest in it as permits a recovery by him. It is said that "the right to interplead is, in the nature of an action of replevin, engrafted upon a suit by attachment." *Burgert et al. v. Borchert et al.*, 59 Mo. 80. Viewing the interplea as an action in replevin we find the point has been passed upon by the supreme court in the case of *Donahoe v. McAleer* (37 Mo. 312), where it is held the trial court properly refused an instruction declaring a sale of the property by plaintiff since the commencement of the suit prevented his recovery.

It is, however, further contended by plaintiff that the evidence here discloses a sale before the interplea was filed, and that, consequently, interpleader had no interest in the property at the time of filing the inter-

plea. This point has likewise been determined in the supreme court. That court has said that where a part of the purchase money has been paid and notes given for the balance, the vendor may yet maintain an action for possession, in order that he might deliver the property to the vendee. So long as the sale is so far incomplete that the purchaser may look to the seller for further action, so as to perfect the sale, the seller has sufficient interest to maintain an action for possession. *Pace v. Pierce*, 49 Mo. 393. In this case, the sale was not complete at the time of the levy,. as there had been no delivery. Notwithstanding a sale of the property, as possession was not delivered, the seller may maintain an action for the possession in order that he make delivery to the buyer. *Lacy v. Gibony*, 36 Mo. 320.

The next point raised is, that the interpleader is estopped by reason of his having executed the delivery bond for the production of the property when and where directed by the court. The evidence clearly shows that interpleader notified the sheriff that the property did not belong to the defendant in the attachment writ, but that it did belong to interpleader. The bond contains no recital tending to show that the property was not that of the interpleader. Interpleader has done nothing to create an estoppel in the cause. If he had remained silent when his property was being taken as that of another an argument might be advanced against him that his silence had led the plaintiff in the writ to rest content with his levy, and possibly permit other property to escape, and thereby work a change in his position to his injury, but, as before said, interpleader promptly protested against the levy, and made claim of the property to the sheriff. This branch of this case was fully considered by this court in the case of *Bradley Hubbard Mfg. Co. v. Bean* (20 Mo. App. 111) ; the principle governing this case is there clearly and fully stated by Hall, J., and we see no reason for departing therefrom.

It follows that the judgment should be reversed and the cause remanded. All concur.