CHOUTEAU, *Appellant,* v. BOUGHTON.

1. **Trespass, Assignability of Action for.** A right of action for trespass to real estate is assignable.

2. ———: ACTION BY TRUSTEE IN DEED OF TRUST. A trustee in a deed of trust may, even after foreclosure, sue for damages done to the land before sale.

3. ———: ACTION BY BENEFICIARIES. The beneficiaries in such deed of trust may likewise sue after foreclosure for such damages.

4. **Attachment:** TRIAL OF PLEA IN ABATEMENT. The merits of plaintiff's case are not the subject of inquiry on the trial of a plea in abatement filed in an attachment suit.

*Appeal from Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED, AND REMANDED.

*Houck & Keaton* for appellant.

(1) It was larceny to cut and remove the timber from the lands, in plaintiff's petition described, without the knowledge or consent of the owners, and to deprive

Chouteau v. Boughton.

them of their property (R. S., sec. 1317); and the damages sued for, for which the action is brought, are for injuries arising from the commission of a felony, or misdemeanor. An attachment is the proper remedy. R. S., sec. 398. (2) The defendant participated in the trespass, assented thereto, directed it to be done and received benefit therefrom after it was done and committed, and is liable in this action, equally with those who actually cut and removed the timber. *Canifax v. Chapman*, 7 Mo. 175; *McNeely v. Hunten*, 30 Mo. 332; *Alred v. Bray*, 41 Mo. 448; *McManus v. Lee*, 43 Mo. 206; *Murphy v. Wilson*, 44 Mo. 313; *Ullman v. Railroad*, 67 Mo. 118; *Dooly v. The City of Kansas*, 82 Mo. 444; *Cooper v. Johnson*, 81 Mo. 483. (3) The beneficiaries are the only parties damaged in this case and they are prevented from realizing the full indemnity and amount due and secured by the deed of trust. The trustees were not injured and had no right to recover the amount of damages from the trespassers. *O'Reily v. Miller*, 52 Mo. 210; R. S., sec. 3938; *Gale v. Davis*, 7 Mo. 544; *Green v. Liter*, 8 Cranch (U. S.) 229; 4 Kent [9 Ed.] 86, note *b*, in page 87, and pages 174 and 180; 38 Mo. 37 and 440; 61 Mo. 68 and 174; 28 Mo. 142; 73 Mo. 96. (4) Plaintiff, as assignee of the beneficiaries, has a right to sue in this case, has a right to recover for the timber taken from the lands, the security for the debt. *Leubbering v. Oberkoelter*, 1 Mo. App. 393 (398-9); *Snyder v. Railroad*, 86 Mo. 613; 2 Waterman on Trespass, sec. 927. (5) The court should make every inference in favor of the party offering evidence and, if there be any evidence from which the jury might with propriety find for the plaintiff, the court should not have given the instruction taking the case from the jury. *Wilson v. Board of Ed.*, 63 Mo. 137; *Brink v. Railroad*, 17 Mo. App. 117; *Fisher v. Railroad*, 23 Mo. App. 201; *Noeninger v. Vogt*, 88 Mo. 589. And, if there is any evidence at all for the jury to sustain the issues, such

instructions should not be given. *Baum v. Fryrear*, 85 Mo. 151; *Groll v. Tower*, 85 Mo. 249; *Moody v. Deutsch*, 85 Mo. 237. (6) One who sells timber from lands not his own, that is another's, is a trespasser. *Dryer v. Ming*, 23 Mo. 434.

*T. H. Mauldin* for respondent.

(1) Plaintiff could not maintain trespass for acts done prior to the date of his deed. (2) The beneficiaries, not having the legal title, could not sue in trespass, hence they had nothing to assign. The legal title was in the trustees until the sale. *Siemers v. Schrader*, 88 Mo. 20; *Richardson v. Mean*, 22 Mo. 498; *Pace v. Pierce*, 49 Mo. 393; *Meyers v. Hale*, 17 Mo. App. 205.

BLACK, J.—This is an action of trespass brought by Charles P. Chouteau against George N. Boughton to recover treble damages for cutting and carrying away trees and timber from the described lands situate in Stoddard county. The trespass is alleged to have been committed on the first of September, 1879, and at divers times since that date. The suit was commenced on the fourteenth of August, 1883.

The affidavit for an attachment, sued out in aid of the action, states that the amount which the plaintiff ought to recover is nine thousand dollars, single damages, and that he has good reason to believe and does believe that the damages for which the action is brought, are for injuries arising from the commission of some felony or misdemeanor by the defendant, as set forth in the petition. To this affidavit the defendant filed a plea in abatement; the trial thereon resulted in a verdict and judgment for defendant, and the plaintiff appealed. The errors assigned are: (1) The exclusion of evidence offered by the plaintiff; and (2) the giving of an instruction which directed a verdict for the defendant.

The evidence shows that, on the twenty-third of May, 1857, the Cairo & Fulton Railroad Company executed a deed of trust to three trustees, namely, John Moore, John Wilson and A. G. Waterman, thereby conveying to them the lands in question and a large amount of other lands and railroad property to secure the payment of bonds. Joseph C. Moore and Geo. H. Bridges, as administrators of G. M. Patterson, E. O. Reed, Henry E. Seelye and Charles P. Chouteau, the present plaintiff, owned the bonds and were the only beneficiaries in the deed of trust. The deed of trust contains a provision to the effect that the lands shall be deemed to be in the legal possession of the trustees. The deed of trust was foreclosed by a decree entered in this court in October, 1881, and the commissioner then appointed by this court sold the lands in question to Charles P. Chouteau who received a deed therefor dated October 26, 1882. The debt evidenced by the bonds amounted to over four hundred thousand dollars, and the sale of the entire property specified in the deed of trust left a large unpaid balance.

The bill of exceptions states that plaintiff offered in evidence a writing whereby the administrators of Patterson and Reed, and Seelye assigned to the plaintiff the right to sue for and recover for any and all trespasses which had or might be committed on the lands in question, which assignment was excluded by the court; the date of the assignment is not stated. The plaintiff then offered to show by a number of witnesses that during 1881 and 1882 the defendant sold to different firms and persons timber standing upon the lands; that the timber so sold was cut and taken away, and that defendant received and collected the money arising from such sales; that defendant sold the timber claiming to be the agent of Thomas Allen, but that he had no authority from Allen to sell the same. The plaintiff offered to show further that defendant endorsed the trespasses, collected pay for the timber, and shared in

the profits of cutting and carrying away trees, timber and sawlogs. All of the foregoing evidence was excluded, wherefore the court directed the jury to find for defendant.

1. One of the objections made to the assignment from Reed and Seelye and the administrators of Patterson to the plaintiff, giving him the right to sue for and collect damages arising from trespasses was, that a right in action arising from the commission of a tort cannot be assigned. There can be no doubt but a cause of action for damages arising from a trespass upon real estate will survive and pass to the personal representatives of a decedent. R. S. 1879, sec. 96. As the cause of action would survive to the personal representatives it is assignable, though based upon a tort. *Snyder v. Railroad*, 86 Mo. 613. Indeed the defendant concedes in this court that the assignment should not have been excluded on the ground that a cause of action for such a tort is not assignable.

But the defendant insists that the assignment and also the other evidence was properly excluded, .because the plaintiff did not have the title to the land until the date of the commissioner's deed, namely, October 26, 1882; and that the cause of action for trespasses prior to that date accrued to the trustees in the deed of trust and not to the plaintiff and the other bondholders; and hence they had nothing to assign to him and he has no cause of action through the assignment or in his own right. It was held in *Pace v. Pierce*, 49 Mo. 393, that a trustee in a deed of trust upon personal property, given to secure a debt, had the right to sue for and recover the property even after he had made a sale. It was considered that he had the right to recover the property to the end that he might turn the same over to the purchaser. And in the more recent case of *Lancaster v. Ins. Co.*, 92 Mo. 460, the plaintiff held the title to the property covered by a building as trustee of a married woman, with power to apply the rents to her sole

use, and with power to sell. We held that the trustee could maintain a suit for damages done to the house, though the suit was not commenced until after he had sold the property. From these and other cases the defendant insists the trustees, and the trustees alone, can maintain this action, and he cites *Myers v. Hale*, 17 Mo. App. 205, which perhaps gives some countenance to the claim. But it does not follow because the trustees could maintain this suit that the beneficiaries in the deed of trust cannot. The practice act provides that every action shall be prosecuted in the name of the real party in interest, except as provided in the next section; and that section declares that a trustee of an express trust may sue in his own name without joining with him the person for whose benefit the suit is prosecuted. The same section declares that a trustee of an express trust shall be construed to include a person with whom or in whose name a contract is made for the benefit of another. Under these sections of the statute it has been held, on several occasions, that where the contract is made in the name of one person for the benefit of another, the suit may be either in the name of the trustee or in the name of the beneficiary. Either may sue. *Rogers v. Gosnell*, 51 Mo. 466; *McComas v. Ins. Co.*, 56 Mo. 573; *Snider v. Express Co.*, 77 Mo. 523; Bliss on Code Plead., secs. 45 and 46.

A mortgagee is entitled to recover damages for permanent injuries done to the mortgaged land by third persons, and until the debt is paid his right to such damages is superior to that of the mortgagor. 1 Jones on Mortgages [4 Ed.] sec. 695*a*. The alleged trespasses were committed while the suit of foreclosure was pending, and were continued after a final decree had been entered by the supreme court, and the property did not sell for enough to pay the bonds. The beneficiaries are few in number, and are the real parties in interest. A judgment on the merits in their suit or that of their

assignee would bar an action by the trustees. It follows from what has been said that the beneficiaries or their assignee may maintain this suit, though the trespasses were committed before the date of the commissioner's deed to plaintiff.

2. This much has been said on the questions before considered because they are the only questions urged in defendant's brief, and because they must arise on a trial of this case on its merits.

It is deemed proper, however, to say that the only question of fact, which does or can arise on the trial of the plea in abatement, is whether the damages sued for are for injuries arising from the commission of some felony or misdemeanor. The merits of the plaintiff's case as stated in his petition are not the subject of inquiry on the plea in abatement. On this issue the assignment was irrelevant and for that reason properly excluded; but the other excluded evidence tended to show that the trespass was one made a misdemeanor by section 1359, Revised Statutes, 1879, and should have been received. The judgment is therefore reversed and the cause remanded for new trial. All concur.