WILLIAM KIRSCHENSCHLAGER *et al.*, Respondents, v. ARMITAGE HERSCHEL COMPANY; GERMAN AMERI- CAN BANK, Interpleader, Appellant.

St. Louis Court of Appeals, May 1, 1894.

1. **Attachment**: TITLE REQUISITE FOR MAINTENANCE OF INTERPLEA. An interplea can not be maintained for attached property, unless the interpleader has the general title to or a special interest in the prop.

erty, and is entitled to the possession of it, when the interplea is filed; the ownership and right of possession at the time of the attachment of the property will not suffice.

2.  ———: INTERPLEA BY PLEDGEE.   Accordingly, a pledgee can not maintain an interplea for property attached under a writ against the pledgor, when his claims have been satisfied, though subsequently to the attachment,[by the sale of the property by him with the consent of the pledgor for more than the amount secured by the pledge. `

*Appeal from the Lewis Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*J. E. Thompson* and *Blair & Marchand* for appellant.

*George Ellison* and *Sharp & Berry Bros.* for respondent.

BIGGS, J.—In July, 1892, the plaintiffs purchased from the defendant a steam riding gallery, commonly called a "merry go round," at the agreed price of $1,980. The plaintiffs made a cash payment of $250 with the understanding that the machine should be shipped not later than July 26, and that at the date of the shipment a sight draft would be drawn for the balance of the purchase money, payable through a bank at Canton, Missouri. On the third day of August the shipment was made from Tonawando, New York, where the defendant and interpleader do business. The Armitage Herschel Company was named as consignee. Defendant, in pursuance of the terms of sale, drew its draft on plaintiffs for $1,730, payable to the order of the appellant. The draft was delivered to the appellant by the defendant, and at the same time the bill of lading for the machine was indorsed by the defendant, and it also was delivered to the appellant. The machine arrived

in Canton in due time. The plaintiffs refused to receive it, for the reason that it had not been shipped within the time agreed upon. On the sixteenth day of August they instituted this action before a justice of the peace to recover the amount advanced by them on account of the purchase. The machine was attached, but was afterwards released on a forthcoming bond. About the same time the draft, with the bill of lading attached, was received by the Canton bank. The plaintiffs declined to pay it. On October 13 the interplea herein was filed. It was decided adversely to the appellant, and on the same day the justice also rendered judgment sustaining the attachment with an order for a special execution against the machine. The appellant appealed to the circuit court, where it was again defeated. It has brought the matter here for review.

The contention of the appellant on the trial was, and it is now, that it discounted the draft and received the bill of lading as collateral security. On the other hand, the plaintiffs insisted that the appellant received the draft for collection merely, and that the appellant was conducting the litigation solely in the interest of the Armitage Herschel Company, and for the purpose of defeating the plaintiffs in the collection of their claim. On the trial of those issues, counsel for the appellant saved many exceptions, and they now press them on our attention in support of a reversal of the judgment herein. However, as we are of the opinion that the appellant's action is defeated by its own testimony, the particular assignments need not be noticed.

For the sake of the argument we will concede that the appellant in good faith discounted the draft, and that it received the bill of lading as collateral security. Under this view the transfer of the bill of lading, whether it was negotiable or not, amounted to a symbolical delivery of the machine to the appellant, which

was just as effectual as if there had been an actual manual delivery. *Skilling v. Bollman*, 73 Mo. 665. The interest of the appellant, however, was that of a pledgee, which is special and conditional and not absolute. Now, the cashier of the appellant and the treasurer of the Armitage Herschel Company, whose depositions were read in evidence by the appellant, both testified that, *prior to the filing of the interplea*, the appellant, with the consent of the Armitage Herschel Company sold the machine in controversy to a third party for $2,150 cash. The cashier admitted that the appellant had received the amount of money, which exceeded the amount of the draft, in the sum of $420, which amount he said "we hold   *   *   *   in trust as a bank for the parties interested. I suppose the parties interested are this bank, the Armitage Herschel Company and the plaintiffs. The bank does not consider itself the owner of the money received from Hardman (the purchaser at the second sale), except as its interest appears." The cashier also testified that the amount of the sale to Hardman was sufficient to pay the appellant's claim, also that of the plaintiffs and the costs of suit which had accrued up to that date.

An interplea under the statute has been held to be substantially an action of replevin, engrafted upon the attachment suit. *Burgert v. Borchert*, 59 Mo. 80; *Mansur v. Hill*, 22 Mo. App. 375. However, it is entirely independent of the main action, and in it the interpleader occupies the position of a plaintiff in an ordinary action, and the plaintiff in the attachment takes the position of a defendant. *Brennan v. O'Driscoll*, 33 Mo. 372. Treating it as an action for the recovery of specific personal property, it is perfectly obvious on principle that an interpleader, in order to maintain it, must show that at the time he filed his interplea he was either the general or special owner of the property,

and that he was entitled to its immediate possession. It is, therefore, not sufficient for him to show, as the appellant did here, that he owned or had a special interest in the property at the time it was attached. The interest must exist at the time suit is brought.

In the case of *Mansur v. Hill, supra,* the attached property had been sold by the interpleader before the attachment and interplea, but the property had not been delivered. The respondent there contended that the judgment ought not to be disturbed, for the reason that the interpleader had parted with his interest. The court overruled the exception on the principle that, "so long as the sale is so far incomplete that the purchaser may look to the seller for further action, so as to perfect the sale, the seller has sufficient interest to maintain an action for possession." *Pace v. Pierce* 49 Mo. 393; *Lacy v. Giboney,* 36 Mo. 320.

The unavoidable conclusion is that the appellant began and has prosecuted this action without legal right. Its interest in the property was that of a pledgee holding the property as security for a debt. The payment of the debt destroyed the pledge, thus satisfying all claims of the appellant to the property. The judgment of the circuit court will be affirmed. All the judges concur.