BENJAMIN HOLMES, Respondent, v. STRAYHORN-HUTTON-EVANS COMMISSION COMPANY, Appellant.

Kansas City Court of Appeals, May 29, 1899.

1. **Chattel Mortgage:** DESCRIPTION: SUFFICIENCY OF. A chattel mortgage to be effective as to third persons must point out the property so that such persons by its aid and the inquiry it suggests may identify the property it conveyed and it need not recite that the property is in the mortgagor's possession in the county nor that he has no other like property in the county.

2. ——: SUFFICIENCY OF EVIDENCE: FUTURE TRANSACTIONS: INSTRUC_ TIONS. A chattel mortgage providing that future transactions by which the mortgagor should become indebted to the mortgagee should be based upon the same security, is comprehensive enough to cover every transaction by which the mortgagor became indebted to the mortgagee, and the evidence is sufficient to carry this case to the jury and the instructions submitting the question are held proper.

3. ——: TRUSTS AND TRUSTEES: CONVERSION: ACCOUNT. Where the mortgagee is clothed with a trust it will continue as long as a part of the secured indebtedness is not discharged, and in an action by the trustee against a stranger for conversion, the exact status of the account between the mortgagor and mortgagee is unimportant further than to ascertain that the relation existed at the time of the trespass.

4. ——: ——: TITLE TO THE PROPERTY. Where personal property is mortgaged by deed of trust to secure the payment of a debt, the mortgagee or trustee becomes invested with the absolute title to the property after default in payment.

5. Trial Practice: NEW TRIAL: SUPPLEMENTAL MOTION FOR: NEWLY DISCOVERED EVIDENCE. After the expiration of four days from the verdict a motion for new trial can not be amended by inserting additional grounds; and if it could be an amendment setting up newly discovered evidence would have to show that such newly discovered evidence was unknown at the filing of the original motion.

6. ——: ——: NEWLY DISCOVERED EVIDENCE: WAIVER. If a party on the day of trial learns of a new witness and goes to trial without asking for a continuance on account of his absence, he can not after an adverse result set up the testimony of such witness as newly discovered evidence to secure a new trial.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

BOTSFORD, DEATHERAGE & YOUNG for appellant.

(1) The circuit court, on the trial of this case, erred in receiving in evidence the chattel mortgage from Duckworth to plaintiff. Defendant, by its counsel, objected to the introduction of that mortgage in evidence for the reason that the description of the property therein is indefinite and uncertain,

and because the mortgage does not state where the cattle are located in Jackson county, Missouri. Mackey v. Jenkins, 62 Mo. App. 618; Stonebraker v. Ford, 81 Mo. 532; Bank v. Shackelford, 67 Mo. App. 475; Williamson v. Bank, 69 Mo. App. 368; Bank v. Metcalf, 29 Mo. App. 385; Estes v. Springer, 47 Mo. App. 100; Chandler v. West, 37 Mo. App. 632; Mayer v. Keith, 55 Mo. App. 157. (2) Plaintiff is bound to account for that amount the same as if he had received cash instead of taking a note and chattel mortgage. In Edwards v. Cottrell, 43 Iowa 194, it was held that, "the mortgage of a chattel with power to sell by the mortgagee on default in payment confers upon him no right to barter the mortgaged property or to dispose of it otherwise than for cash." (3) The court below erred in not granting defendant a new trial on the ground of newly discovered evidence.

WALLACE & WALLACE for respondent.

(1) The description of the property in the mortgage is sufficient. Estes v. Springer, 47 Mo. App. 99. (2) Without reiterating the evidence set forth in the respondent's statement of the case it is clearly shown from the evidence set forth in said statement that the mortgagor was indebted to the plaintiff at the time of the beginning of the suit upon the note secured by the mortgage in a larger sum than the value of the property taken as found by the jury. If this were not true it does not appear that the defendant who was a trespasser and who claimed no title in the property could raise any question as to the amount due on the plaintiff's mortgage as long as there was anything at all due thereon. (3) The court did not err in overruling the defendant's motion for a new trial, which was chiefly upon the ground of newly discovered evidence.

SMITH, P. J.—This is an action by the plaintiff against the defendant to recover damages for the wrongful taking

and conversion by the latter of twenty-six head of two-year-old high graded Hereford heifers, of which the plaintiff was the owner. There was a trial in the circuit court where plaintiff had judgment, and defendant appealed.

During the progress of the trial, the plaintiff offered in evidence the chattel mortgage under which he claimed the ownership of the subject of the conversion, to the introduction of which the defendant objected on the ground that the description therein was, "indefinite and uncertain and did not state the location of the cattle in Jackson county in this state." The defendant's objections were overruled. The mortgage recites: "The party of the first part (John D. Duckworth), hereby sells to the party of the second part (the plaintiff herein), the following described personal property situate in the county of Jackson and state of Missouri, to wit: One hundred head of two-year-old high graded Hereford cattle (heifers), three thoroughbred Short Horn bulls (Hereford), ten registered thoroughbred Short Horn bulls, and forty head of thorough- bred registered cows and calves (thirty-five of them cows and five calves)," etc. It was recited in said mortgage that the party of the first "shall not remove said property from its present location in said county," and that said property "is now in the possession of said party of the first part at the location above mentioned in said county."

A mortgage to be effectual as to third persons must point out the property and so describe it that they, by its aid and the aid of such inquiry as such mortgage suggests CHATTEL mort- may identify the particular property thereby gage: description: sufficiency of. conveyed. Estes v. Springer, 47 Mo. App. 99; Chandler v. West, 37 Mo. App. 632; Hughes v. Menefee, 29 Mo. App. 192. The description in this case is more definite than that in Estes v. Springer, *ante*, which was held to be sufficient. The description here recites that the property is located in Jackson county, and is in the possession of the mortgagor in that county. In the Estes v. Springer

case the description did not in terms recite that the property was "in the possession of the mortgagor in Barton county." In other respects the description here is similar to that there. It is not required that the mortgage should recite that the cattle therein described were all of like kind owned by the mortgagor in Jackson county. In view of the rulings made by us in the case just referred to, we must conclude that the description in question was sufficient to render the mortgage effectual.

The defendant objects that the trial court further erred in its action denying the defendant's demurrer to the evidence.

——: sufficiency of evidence: future transactions: instructions.

An examination of the evidence has convinced us that the action of the court was proper. It was provided in the mortgage that any future transactions by which the mortgagor should become indebted to the mortgagee should be based on the same security and should be so held and construed. This broad and comprehensive provision was ample to authorize the two items of indebtedness amounting to $297.50 to be charged by plaintiff against the mortgaged property. It extended to every transaction of the parties to the mortgage by which the mortgagor became indebted to the mortgagee. By aggregating the items of indebtment as well as those of credit, shown by the evidence, and subtracting the former from the latter, it will be seen that the amount remaining is quite sufficient to bring the case within the jurisdiction of the court. The evidence was sufficient to carry the case to the jury. There was no error committed by refusing defendant's demurrer to the evidence. Nor was there any impropriety in giving the plaintiff's instructions. There undoubtedly was evidence adduced sufficient to authorize the giving of the same.

Some time after the alleged trespass by defendant the plaintiff sold the thirteen head of cattle remaining for $494

Holmes v. Commission Co.

on a credit.   The defendant insists that this

—: trusts and
trustees: conver-
sion: account.

amount should be deducted from the mort-
gagor's indebtedness to the plaintiff.   Even if
this amount were so deducted there would still
remain a considerable sum due plaintiff on the mortgage in-
debtedness.   The plaintiff was clothed by the mortgage with
a trust.   The trust continued as long as any part of the secured
indebtedness was not discharged.   If anyone made way with
the trust property it was his duty to sue for and recover in-
demnity for the damage.   As to the exact status of the ac-
count between the mortgagee and mortgagor we are not con-
cerned in this action further than to ascertain whether or not
the relation of mortgagee and mortgagor was in existence at
the time of the trespass.   If the plaintiff's debt has not been
in some way extinguished, and the relation of mortgagee
and mortgagor ended, then his right of action can not be called
in question.   If any part of the mortgagee's debt was unpaid
it can not be disputed that it was past due.

It is the well settled law of this state that where personal
property is mortgaged or conveyed by deed of trust to secure

—: —: title to
the property.

the payment of a debt, the mortgagee or trustee
becomes thereby invested with the absolute
title or ownership of the property after the day
of payment has passed.   Robinson v. Campbell,
8 Mo. 365; Dean v. Davis, 12 Mo. 112; Lacey v. Giboney, 36
Mo. 320; Pace v. Pierce, 49 Mo. 393; Bowens v. Benson, 57
Mo. 26; The State ex rel. v. Adams, 76 Mo. 605.

It follows therefore that the plaintiff was the rightful
owner of the property and entitled to sue and recover the
damages for the defendant's wrongful act.   No error preju-
dicial to the defendant is perceived in the action of the court
either in giving or refusing instructions.   The instructions in
their entirety we think were far more favorable to defendant
than it was entitled to.

Holmes v. Commission Co.

The defendant within four days after the verdict filed its motion for a new trial. After the expiration of the four days it filed an amended motion introducing as an additional ground to those stated in the original motion that of newly discovered evidence. It has been held by the supreme court that a motion for a new trial can not be amended after the expiration of the time by inserting therein new and additional grounds. State v. Brooks, 92 Mo. loc. cit. 591; State v. Dusenberry, 112 Mo. loc. cit. 295. The law may be as intimated in the opinion of the majority in Bank v. Porter, 65 Mo. App. 448, that such motion is amendable, where the failure to insert the additional ground therein, when filed, is properly accounted for. The defendant, it is conceded by the affidavits accompanying the supplemental motion, knew *at the time* of filing the original motion every fact that he knew at the time of filing the supplement. No fact is stated in the supplement that was not known to the defendant and could not have been stated by it in the original motion. The defendant in no way accounts for its failure in this regard. This ground for the new trial was not therefore called to the attention of the court by motion filed within the time required by statute and therefore can not be considered by us.

*TRIAL practice: new trial: supplemental motion for: newly discovered evidence.*

If the defendant did not know of the whereabouts of Carnahan or the facts to which he could testify until the day of the trial, yet if it learned the same before the trial was commenced, as seems to have been the case, it was its duty to have applied to the court for a continuance; but if, instead of doing that, it chose to proceed to trial, as it did, it was in no situation after the verdict against it to claim a new trial of the cause on the ground of newly discovered evidence. It can not be allowed in that way to speculate on the result of the trial.

*——: ——: newly discovered evidence: waiver.*

We are unable to discover that there was any abuse by the trial court of its discretion in denying the motion for a new trial.

The judgment will be affirmed.    All concur.