## SIMMONS HARDWARE COMPANY, Appellant, v. LOEWEN BROTHERS, Defendants; EUGENE BATAVIA, Interpleader, Respondent.

### Kansas City Court of Appeals, June 2, 1902.

1. **Attachment: INTERPLEADER: SALE: FORTHCOMING BOND.** Where perishable property is sold pending an attachment proceeding, a party claiming the same may nevertheless interplead therefor, even though he may have given a forthcoming bond.

2. ———: ———: ———: TRUST AND TRUSTEES: ACTION. Property was attached in the Federal court. A trustee in a chattel mortgage gave a forthcoming bond, sold the property under his mortgage and paid the trust debt. He had interpleaded in the State court where the same property had been attached, but subject to the Federal levy. *Held,* his interplea could not be maintained, since by the sale he had parted with all his interest in the property and was not entitled to the possession thereof when he filed his interplea. (Cases distinguished.)

Appeal from Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

REVERSED.

*Joseph A. Guthrie* and *James E. Goodrich* for appellant.

(1) Under the evidence submitted by plaintiff, the case should have gone to the jury; the rule being well settled that if there is any evidence tending to prove the issues, the case must go to the jury. Batavia v. Wallace, 42 C. C. A. 310 (102 Fed. Rep. 240), where on page 314 the exact point is decided on the same facts as in this case. Groll v. Tower, 85 Mo. 249; Moody v. Deutsch, 85 Mo. 237; Baum v. Fryrear, 85 Mo. 151. (2) An interplea in attachment proceedings is purely statutory, must be governed entirely by the statute, and is to be strictly construed. Grocer Co. v. Goetz, 57 Mo. App. 8; State ex rel. v. Barker, 26 Mo. App. 487; Bank v. Tracey, 141 Mo. 252. (3) The statutory interplea in an attachment is an action of replevin engrafted upon the suit by attachment, and will not lie where replevin will not. It is an action *in rem.* State ex rel. v. Barker, 26 Mo. App. 487; Burgert v. Borchert, 59 Mo. 80. (4) An interplea can not be maintained for attached property, unless the interpleader has the general title to, or a special interest in, the property, and is entitled to the possession of it, when interplea is filed; the ownership and right to the possession at the time of the attachment of the property will not suffice. Kirschenschlager v. Company, 58 Mo. App. 165, 169.

*I. J. Ringolsky* and *Elijah Robinson* for respondent.

(1) Appellants insist that as Batavia filed his interplea in this case after the ·sale of the goods by him as trustee, that he is not entitled to recover and that a peremptory instruction should have been given for the plaintiff. The appellant contends that an interpleader's rights are to be judged, not by his rights of ownership and possession when the goods were attached, but entirely by his rights of ownership and possession when the interplea was filed. And to sustain his contention cites Kirschenschlager v. Co., 58

Mo. App. 165; Plano Mfg. Co. v. Cunningham, 73 Mo. App. 376. This exact question was before this court and this court held that the issue to be tried under an interplea is the question of the ownership and possession at the time of the attachment. This case is directly in point and applicable to the facts in the case at bar. Mfg. Co. v. Cunningham, 73 Mo. App. 376. (2) This decision, when carefully considered with reference to the facts in the case then decided, properly declares the law. The language used by the court in that case must not be accepted as declaring general principles of law, but as merely declaring the law applicable to the facts in that particular case. (3) Again, our statutes contemplate that goods attached belonging to a third party can be retaken from the sheriff by a forthcoming bond and sold immediately, if the party giving the forthcoming bond desires to do so. (4) It is held that goods attached always remain thereafter in *custodia legis,* until the attachment is dissolved. And that a person giving a forthcoming bond and retaking the property thereby becomes the bailee for the sheriff in holding the attached goods. And that such a person can not sell or mortgage the property. Fleming v. Clark, 22 Mo. App. 218; Hudson v. Lamar, 74 Mo. App. 238.

ELLISON, J.—Plaintiffs instituted this suit by attachment on an account against defendants, on January 5, 1897. The interpleader filed his interplea claiming the property as trustee in a deed of trust conveying the same to secure some preferred creditors. If it be conceded that the defendants intended to defraud other creditors by giving the deed of trust, yet the further question presented was whether the interpleader participated in such fraudulent design. The trial court gave a peremptory instruction to find for interpleader, and plaintiffs have appealed.

Shortly before plaintiffs instituted their attach-

ment, the property had been attached in a suit in the Federal court for the western district of Missouri, and was in possession of the marshal. The levy of plaintiffs' attachment was, therefore, made subject to that of the Federal marshal. Afterwards, interpleader gave a forthcoming bond in the case in the Federal court (sec. 389, R. S. 1899) and received the property from the Federal marshal, which he thereafter sold, realizing money sufficient to pay the claims secured by the deed aforesaid in which he was trustee. He then (after so selling and delivering the property) filed the interplea in this case, now the subject of this appeal.

The point is made by plaintiffs that an interpleader's interplea is like a plaintiff's suit in replevin, and that he must have a right to the possession of the property at the time he filed the interplea, and as this interpleader had sold the property he claims to be entitled to, and has paid off the debts which were the foundation of his trusteeship, he can not maintain the interplea. We have heretofore held that if the attached property is sold, and the proceeds held by the sheriff (as for instance, in cases of perishable property), the interplea may still be maintained, and that the issue for trial is whether the property sold was interpleader's. Nolan v. Deutsch, 23 Mo. App. 1; Mfg. Co. v. Cunningham, 73 Mo. App. 383. So we have held that the fact of interpleader giving a forthcoming bond (he making known his claim) did not estop him from prosecuting an interplea. Mfg. Co. v. Bean, 20 Mo. App. 111; Mansur v. Hill, 22 Mo. App. 372; Petring v. Chrisler, 90 Mo. 657.

A forthcoming bond does not divest the property of the custody of the law. It is still in what is called *custodia legis* and the person so holding it is obligated to have it at the time and place the court may direct. If one gives such forthcoming bond, he may interplead for the same property, in the same court, without a violation of the bond, for the interplea would determine

whether he ought to comply with the bond; or, rather whether the court should order him to make any other delivery thereof. If the property is determined to be his, surely he can not be held to have violated the bond by retaining the property. Mfg. Co. v. Bean, supra. The interplea is to be determined before the rights of the plaintiff in the controversy with the defendant are determined, and we think that the right to interplead is not affected by giving the delivery bond.

But, in this case, no forthcoming bond was given, and, as above stated, the particular point made is that the interpleader has sold the property and, therefore, can not be entitled to the possession thereof. We feel compelled to hold the point well taken. It must be evident that no one has a right to maintain a suit for the possession of personal property in which he has no right of property or right of possession. It has been held by the Supreme Court, and this court, that where the sale of personal property is so far incomplete that the purchaser may look to the seller for further action so as to perfect the sale, the seller may maintain an action for the possession. Pace v. Pierce, 49 Mo. 393; Mansur v. Hill, 22 Mo. App. 375. But here there is nothing yet to be done between this interpleader and the party to whom he sold. The transaction is closed. The sale money has been paid and the property delivered and the money applied to the satisfaction of the debts. The interpleader's interest was only as trustee, and that interest has been destroyed. Whatever title the trustee had has become of no effect, since the instrument upon which his title was based has served its purpose and is no longer effective. While the facts are somewhat different, yet the case can not be distinguished from that of Kirschenschlager v. Co., 58 Mo. App. 165, decided by the St. Louis Court of Appeals. The case of Mfg. Co. v. Cunningham, 73 Mo. App. 379, is not applicable, since in that case each party

adopted the same theory of the interpleader's right by their instructions, and so it was considered here.

In our opinion, the record thus discloses a state of facts which prohibit the interpleader's recovery, and the judgment will therefore be reversed. All concur.