## SCOTT et al., Respondents, v. VOGEL-BOUL SODA WATER COMPANY, Appellant.

### St. Louis Court of Appeals, December 1, 1908.

1. **REPLEVIN: Pleading: Statement of Cause of Action.** A petition in an action of replevin which stated that the plaintiffs were entitled to possession, under a chattel deed of trust, of a stock of groceries, alleging a breach of a condition in the deed of trust to keep the value of the stock of groceries up to a given sum, stated a cause of action.

2. ———: ———: **Parties Plaintiff.** In an action of replevin, to recover, under a chattel deed of trust, the possession of a stock of merchandise, both trustee and *cestui que trust* being plaintiffs, where the *cestui que trust* made the affidavit and signed the bond as principal and the sheriff's return showed that he took the property from the defendant and delivered it to the *cestui que trust*, and in the entire proceeding the trustee was treated only as a nominal party plaintiff, there was a misjoinder of parties plaintiff and the *cestui que trust* had no legal capacity to sue.

Appeal from St. Francois Circuit Court.—*Hon. Chas. A. Killian*, Judge.

REVERSED AND REMANDED.

*Rogers & Sacks* and *J. P. Cayce* for appellant.

(1) The petition in an action in replevin must state that the plaintiff has a general or special property in the goods sued for; the mere allegation of his right to the possession of them, and of their wrongful caption and detention by defendant will not suffice. A petition which fails to comply with this requirement is fatally defective, ever after verdict. Benedict & Burnham Mfg. Co. v. Jones, 60 Mo. App. 219; Dillard v. McClure, 64 Mo. App. 488. An exhibit does not aid a pleading. Merrill v. Trust Co., 46 Mo. App. 236. A bond in a replevin must be signed by two or more sufficient sureties. R. S. 1899, sec. 4465. In replevin the

right of action is constitutive, and should be proved as alleged. Johnson v. Bank, 102 Mo. App. 395; Westbay v. Milligan & Son, 89 Mo. App. 294; Upham & Gordon v. Allen, 76 Mo. App. 206; Deyerle & Porter v. Hunt & Hunt, 50 Mo. App. 541; 18 Ency. of Pl. and Pr., 509, note. After maturity of debt or condition broken trustee as such, has legal title and right to recover possession. Lacey v. Giboney, 36 Mo. 320; Pace v. Pierce, 49 Mo. 393; Bank v. Totten, 94 Mo. App. 596. Plaintiffs, by their own and best evidence, disproved the constitutive allegations of their petition. Sundmacher v. Lloyd, 114 Mo. App. 317. (2) The power to select a trustee under a deed of trust is a matter of contract between the parties. It is a personal trust, and requires the trustee to be present and supervise the proceedings, and to act with impartiality in preserving the rights of both parties, and another cannot be substituted in his stead unless done in the manner the parties have agreed. Kelsay v. Bank, 166 Mo. 157.

*Hensley & Revelle* and *D. L. Rivers* for respondents.

(1) Even if the original petition in this cause should be held to have been fatally defective, appellant, by demanding a continuance in terms and answering both the first and second amended petition and going to trial on the merits without objection, waived all objections to whatever variance there may have been between the original and amended petitions. Cohn v. Sowders, 175 Mo. 455; Liese v. Meyer, 143 Mo. 547; Sanguinette v. Webster, 153 Mo. 343; Hansard v. Clothing Co., 73 Mo. App. 584; Davis v. Boyce, 73 Mo. App. 563. The second amended petition, upon which appellant went to trial on the merits, states a cause of action. Bank v. Ragsdale, 158 Mo. 668; Realty Company v. Musser, 97 Mo. App. 114; Adair v. Curry, 106 Mo. App.

578. (2) They cannot now be permitted, after a trial of such issues has resulted adversely to them, to go back and revive an objection thus waived. They cannot be allowed in that way to speculate on the results of the trial. Anderson v. Stapel, 80 Mo. App. 115; Coffman v. Walton, 50 Mo. App. 404. If one is merely an unnecessary party, his presence in a case is not such a defect as will justify a reversal. An unnecessary party may be dropped at any time without affecting the rights of those parties who are necessary. A judgment cannot be invalidated because of a misjoinder of parties plaintiff. Shoe Co. v. Birdseye, 105 Mo. App. 696; Jones v. Railway, 178 Mo. 528; Powell v. Banks, 146 Mo. 620.

STATEMENT.—On January 16, 1906, defendant, a corporation, purchased of plaintiff Scott, a stock of groceries and a meat shop at Desloge, in St. Francois county, at and for the price of $1,600, for which defendant executed and delivered to said plaintiff its promissory note, payable in installments of $100, every three months. To secure the payment of the note defendant executed and acknowledged a chattel deed of trust conveying to plaintiff Reed, as trustee, "two horses, four wagons, one set double harness and bridles, one set single harness, seventeen hogs, one cow and calf, one refrigerator, one leasehold on lot No. 11, in the west corner block St. Louis Smelting and Refining land, with one slaughter house, and fixtures, one stock of goods consisting of groceries, tobacco, meats now on the first floor of the C. B. Scott store building, known as the Concrete Building, in Desloge, Missouri, three scales, one gasoline lamp, three meat blocks, one cake rack and fixtures, two show cases, twine holder, two paper cutters, two oil tanks, one gasoline tank, one tobacco cutter, one meat rack and hook, four meat saws, six new saw blades, two siding knives, four skin-

ning knives, four boring knives, one sticking knife, two steak knives, three block pins, one block scraper, and two knives, one brush, one saw clamp, one saw set, two wagon pans, two grindstones, three studs, one ice tongs, two stock whips, syrup faucet, one set measures, two lard presses, four kettles, one lard strainer, one B and ladle, two copper fountains, one bottling, 500 boxes, seventy-three gross of soda bottles, one water tank, three wash tubs, three buckets, one syrup jar, two wrenches, one lot of extracts, thirty-five feet of hose, one syrup tank, one graduate, one wagon, horse, one set harness, two sausage grinders, three meat cleavers, and one handax, one office desk, two potato scoops and one pair of scales." A clause in the deed provides that "the party of the first part hereby agrees to keep the stock of groceries, meat, merchandise, etc., up to the value of $700 during the life of this mortgage, and on failure of the said party to keep said stock up to the said value, it shall be taken as a depreciation of said stock, and the party of the third part may close this mortgage."

Defendant paid the first and second installments of $100 when they became due. Before the third installment became due, on the claim that defendant had permitted the stock of groceries, meats, merchandise, etc., to fall below the value of $700, plaintiff, on September 1, 1906, sued in replevin for the recovery of the articles conveyed by the chattel deed of trust. A writ of replevin was issued, by virtue of which the sheriff of the county took possession of the horses, wagons and refrigerator, and all the meats, groceries and merchandise found on the premises, covered by the chattel deed of trust, and delivered them into the possession of Scott, as beneficiary in the deed. There was a lot of fresh meat on hand which the sheriff sold to a butcher for $40.80 and turned the purchase price over

134 App—20

to plaintiff Scott, who entered it as a credit on the $1,600 note. There was also some "tainted and skippery" meat found in the refrigerator which Scott threw out as being worthless. Plaintiff's evidence tends to show that the meats, groceries and merchandise on hand at the date of the service of the writ were of the value of about $400. Defendant's evidence tends to show that their value was at least $800, and to show value of what defendant had on hand it offered evidence to prove that it had purchased some beef cattle then in the hands of a farmer, or on the range, and to show their value. The court excluded this evidence.

BLAND, P. J. (after stating the facts).—Defendant contends that the original petition failed to state a cause of action, in that it merely stated that plaintiffs are entitled to the possession of the property but did not state that they were the owners of the property, or that they had any special interest in it. The original petition may have been subject to this objection but the cause was tried on a second amended petition, to the filing of which no objections were made. The amended petition stated, in substance, that plaintiffs were entitled to the possession of the property under and by virtue of the chattel deed of trust, which was described in and filed with the petition, and alleged the breach of the condition to keep the value of the groceries, etc., up to $700. This amended petition pleads the chattel deed of trust and a breach of the condition therein which entitled plaintiff Reed to possession of the property. On the breach of the condition to keep the stock up to the value of $700, Reed, as trustee, had an unquestionable right to possession of the property, as by the breach the title became vested in him. [Lacey v. Giboney, 36 Mo. 320; Pace v. Pierce, 49 Mo. 393; Ottumwa National Bank v. Totten, 94 Mo. App. 596.] Defendant contends that Reed only, as trustee, had

power to foreclose the deed of trust. This is true, and Reed was the only necessary party plaintiff to the action and he alone could maintain it for the recovery of the property. [Myers v. Hale, 17 Mo. App. 204; Steckman v. Gault State Bank, 105 S. W. 674.] Defendant objected to the introduction of the chattel deed of trust. The petition alleged joint ownership of the property in Scott and Reed. The deed of trust was evidence of ownership in Reed only. Defendant objected to the introduction of the deed in evidence, on the ground that it did not tend to prove the allegation of the petition in respect to the title of the property. The objection should have been sustained for the reason stated. Reed did not make or join in the affidavit for the writ of replevin, neither did he execute the replevin bond. Scott made the affidavit and signed the bond as principal, and the sheriff's return shows he took the property from defendant's possession and delivered it to Scott. In the entire proceeding Reed was treated as only a nominal party plaintiff and Scott as the real party in interest, so there was not only a misjoinder of parties plaintiff but the suit was in fact prosecuted by Scott, who had no legal capacity to sue, wherefore the judgment is reversed and the cause remanded. All concur.